## CITIZENS' STATE BANK OF TOYAH v. GOODMAN.  (No. 8638.)

(Court of Civil Appeals of Texas. Dallas. March 18, 1922.)

**1. Venue ⊂⇒8 — Bank's refusal to pay third person's check deposited to plaintiff's credit in bank in another county held not a "trespass" in such county authorizing action therein.**

Defendant bank's refusal to pay third person's check on it payable to plaintiff, which had been deposited to plaintiff's credit in a bank in another county, *held* not a "trespass" in such other county, authorizing plaintiff's action to be brought therein under Rev. St. 1911, art. 1830, subd. 9.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

**2. Pleading ⊂⇒45—Plaintiff must plead and prove venue.**

Plaintiff in an action against two defendants, one of whom resides in the county of suit, has the burden to allege that such resident defendant is a necessary or proper party, under Rev. St. 1911, art. 1830, subd. 4, and, on the other defendant's filing plea and after controverting plea by plaintiff, to prove that the alleged diversity of residence existed.

**3. Venue ⊂⇒22(3) — Complaint held not to show that resident defendant was necessary party.**

In action against a bank joined with a resident defendant, for dishonoring hotel company's check on the bank payable to plaintiff, complaint alleging that the bank charged a certain sum of money against the hotel company's account, which exhausted it, on the advice of the resident defendant, that the bank claimed that the money was expended for the benefit of either the hotel company or such resident defendant, etc., *held* not to allege any liability against such resident defendant, so that he was not a necessary or proper party whose joining would justify denying the bank defendant's plea of privilege under Rev. St. 1911, art. 1830, subd. 4.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by Bernard Goodman against the Citizens' State Bank of Toyah, Tex., and another. From judgment overruling the named defendant's plea of privilege, it appeals. Reversed and remanded, with instructions.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

John D. McCall, of Dallas, for appellee.

HAMILTON, J. This suit was instituted by appellee in the district court of Dallas county, Tex., jointly against Citizens' State Bank of Toyah, Tex., a private corporation domiciled in Reeves county, Tex., and Max Weiler, alleged to be a resident of Dallas county, Tex.

The allegations of the petition upon which the suit rested were substantially as follows: That on or about May 18, 1920, Toyah Hotel Company was organized as a trust estate, and that plaintiff and Louis Greenberg, of Indianapolis, Ind., and defendant Weiler, were appointed trustees of said trust estate; that thereafter, about June 1, 1920, the company through its trustees opened an account with the defendant bank and at the time advised the bank that checks drawn against the deposit account of the company must be signed before the bank could cash them, as follows: "Toyah Hotel Company, by Max Weiler, President, and Bernard Goodman, Treasurer." That under such arrangement the hotel company deposited approximately $2,500 in the defendant bank, of which sum $710 was withdrawn through checks properly issued, leaving an account of approximately $1,800; that on June 8th and 9th, respectively, checks payable to plaintiff were drawn against said account aggregating $500, and that these checks were signed according to the instructions given the bank, and were deposited by plaintiff in the Central State Bank of Dallas, Tex.; that, after they had been sent by said Dallas bank to the defendant bank for collection, they were returned to the

Dallas bank unpaid on June 22, 1920, with the indorsement that insufficient funds were in the account to cover such checks; that the defendant bank did not immediately notify said Dallas bank that such checks were unpaid, but withheld the information for about two weeks, notwithstanding that sufficient funds, and more, were on deposit to the account of the Toyah Hotel Company in the defendant bank to meet the payment at the time such checks were presented, and that, through apparent desire to humiliate plaintiff, the defendant bank refused to honor the checks and marked them "unpaid" and returned them to the Dallas bank; that plaintiff, relying upon the validity of such checks, proceeded to use the funds he had on deposit in the Central State Bank of Dallas, including the proceeds of these two checks; that, had he been notified that the checks had not been honored, he could have taken steps to protect himself from the damage he suffered by reason of the negligence of the defendant bank, but, having confidence that such checks would be paid by defendant bank, he (plaintiff) expended his private funds and thereby placed himself in a position to render it impossible to repay the $500 realized on these two checks to the Central State Bank; that, because of his inability to secure a settlement with the defendant bank or otherwise to obtain funds to cover the $500 paid to him on such checks by the Central State Bank of Dallas, his credit with the latter bank became impaired to the extent that it would not accept his note for $500 payable in 30 days in lieu of the funds advanced by the acceptance of such checks, although his credit at local banks theretofore had been good, and that the Central State Bank of Dallas put the two returned checks in the hands of the Dallas police with instructions to prosecute plaintiff unless he immediately made good the $500; that he was further humiliated by the action of an officer of the Dallas city police coming to his office and demanding that he go with such officer to the Central State Bank for the purpose of repaying such checks; that through all these circumstances and transactions he gained notoriety and was forced to redeem the checks, all of which resulted in injury to plaintiff in the amount of the checks and also in damage to his credit, business, reputation, and standing in the community of his residence to the amount of $10,000.

It was further alleged that appellee was informed by the defendant bank that a charge of $1,776 had been made against the account upon the advice of Max Weiler, president of the Toyah Hotel Company, and that this sum was expended for lumber for the benefit of said Weiler or the hotel company; and, in the same connection, it was alleged that if the funds had been used for such purposes the action on the part of the bank in paying them out was unauthorized and prejudicial to the rights of appellee.

Upon such allegations judgment was sought jointly and severally against the bank and Weiler.

In response to allegations to the above effect, appellant, Citizens' State Bank of Toyah, Tex., filed its plea of privilege alleging its right to have venue of the suit transferred to Reeves county, the county of its residence. The plea was in proper form and was duly filed.

A controverting plea was filed by appellee in which two exceptions under article 1830 of Revised Civil Statutes were invoked as giving the trial court venue of the case. These exceptions were: (1) That the suit was one against two defendants, one of whom resided in Dallas county, Tex., for which reason it was maintainable in this county under subdivision 4 of said article 1830; (2) that the suit is founded upon a trespass committed in Dallas county, Tex., and that for this reason the case comes within the exception provided for in subdivision 9 of said article 1830, under which the suit may be maintained in the district court of Dallas county wherein it was instituted. Proof was heard by the court upon the issues thus made, and judgment was entered overruling the plea of privilege, from which judgment the appeal is prosecuted.

[1] The proof offered in behalf of the controverting plea related exclusively to the residence of Max Weiler. This proof seems to be sufficient to sustain the finding that Weiler's residence at the time the suit was filed was in Dallas. No proof whatever was offered to sustain the second ground of exception to the venue statute alleged by appellee. Neither, in our opinion, is there any allegation in the petition to support it.

[2, 3] The burden was upon appellee, in the first place, to allege in his original petition such facts as would disclose that Weiler was either a necessary or proper party to the suit, and, in the second place, to prove by competent evidence after the controverting plea was filed joining issue upon the plea of privilege that the alleged diversity of residence existed. In the absence of performance of either of these requirements, the plea of privilege should not have been overruled. Under the most indulgent construction of the allegations contained in the petition, we do not think there appears any allegation of liability against Weiler. In other words, it seems to us that no cause of action is stated against him to which the bank can properly be said to be a party. No fraud or conspiracy against appellee is alleged as having been perpetrated by the bank and Weiler against him. The allegations with reference to Weiler, most liberally considered, seem to be that the bank charged a certain sum of money against the

hotel company's account upon the advice of Weiler; that the bank claimed this money was expended for lumber either for the benefit of the hotel company or for the benefit of Weiler. It is not alleged that upon his advice the bank paid out the money so as to deplete the deposit and that the money thus charged against the account of the hotel company was expended for lumber for the benefit of Weiler or the hotel company. It is alleged in the petition, upon belief, that no check was ever drawn against the fund.

In this connection it is to be observed that this is not a suit on behalf of the owner of a fund deposited in the bank nor against the owner of such fund based upon a check given by such owner against it. Appellee does not sue to recover a fund improperly expended. His suit is based altogether and exclusively upon the failure of the bank to cash a check properly executed by the Toyah Hotel Company and payable to him.

A bank account is not specific tangible property. It is, in its nature, a chose in action. If a deposit is converted by a bank or is wrongfully extinguished by a bank in any way, an action for its recovery by a party interested in it will, of course, ordinarily lie. But in this case the allegations do not disclose any concerted or jointly fraudulent conduct between the bank and Weiler against appellee; nor is there a clear-cut allegation that Weiler obtained any part of the funds for his own use. On the contrary, it is alleged that the funds are in the bank's possession. If the bank expended money to the extent it advised plaintiff, under his allegations, it had done, for lumber and charged it wrongfully against the account, acting upon the advice of Weiler, in the absence of fraud or collusion between it and Weiler, thereby exhausting the account of the hotel company to the extent that a check subsequently given appellee was not paid because of insufficient funds, we are unable to see any relation among the parties in such set of facts, which would authorize a joint recovery against appellants by appellee for injuries arising out of the bank's declining to cash the checks. The alleged act of Weiler in causing the bank to pay out the $1,-776, granting that it was done at his suggestion, seems to us to be far too remote from the immediate transactions out of which the cause of action is alleged to arise to render Weiler jointly liable with the bank in relation to such later transactions, whatever the liability of the bank might be. There is no allegation that, even if Weiler received benefits from the purchase of the lumber the funds were said by the bank to have been expended for, such benefits were not due him by the association. The wrong alleged in this connection, if any, is not in the fact of paying out of the funds, but merely in the manner or procedure by which they were paid.

The case presented is to be distinguished from the case of Smith v. Payne et al. (Tex. Civ. App.) 230 S. W. 756. That was a suit filed against an insolvent joint-stock association and one of the trustees to recover a sum of money for labor done under employment by the joint-stock association. It was alleged, and the proof showed, that the trustee, with knowledge that the association was insolvent, sold the tangible and available assets of the association and converted the proceeds of the sale to his own use. The claimant, plaintiff in the suit, was deterred from executing his purpose to fix his statutory lien upon the property by the trustee's representations that, if the plaintiff would abstain from taking such steps, the proceeds of the sale at once would be paid over to the latter. The plaintiff was treated in that case as a creditor and lienholder, and the trustee, who was sued jointly with the association, was treated as having converted the funds of the association. Under these circumstances, the Court of Civil Appeals held the trustee was jointly liable and could be sued with the association in the county of the latter's domicile. A plea of privilege filed by the trustee accordingly was held to have been properly overruled.

Since we are of the opinion that no cause of action was alleged against Weiler in connection with any wrong committed by the bank against appellee, we hold that the plea of privilege should have been sustained. Towne's Texas Pleading, 307.

We accordingly reverse and remand the cause, with instructions that it be transferred to the district court of Reeves county.

Reversed and remanded, with instructions.