## CITIZENS' STATE BANK OF TOYAH v. GREENBERG et al. (No. 8637.)

(Court of Civil Appeals of Texas. Dallas. March 18, 1922.)

Venue ⚖�ネ22(3)—In action by trustees of a trust estate against bank and resident defendant, held, that resident defendant was not necessary party.

In action by two of the trustees of a hotel company trust estate against a bank and another trustee, who was a resident of the county where action was brought, for dishonoring the hotel company's checks on the bank at the advice of the other trustee and defendant, complaint *held* not to disclose any liability of the latter so as to make him a necessary or proper party defendant so as to authorize action in the county of suit under Rev. St. 1911, art. 1830, subd. 4.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

---

Action by Louis Greenberg and another against the Citizens' State Bank of Toyah, Tex., and another. From judgment overruling the named defendant's plea of privilege, it appeals. Reversed and remanded, with instructions.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

John D. McCall, of Dallas, for appellees.

VAUGHAN, J. This is a suit filed by Louis Greenberg and Bernard Goodman, trustees for themselves and the holders of interests in Toyah Hotel Company, a trust estate, plaintiffs below and appellees herein. The suit names Max Weiler and Citizens' State Bank of Toyah, Tex., as defendants below; Citizens' State Bank of Toyah, Tex., being appellant herein. Plaintiffs below allege that the said Greenberg and Goodman constitute a majority of the trustees of the hotel company trust estate; that said trust estate was organized May 18, 1920, and that the declaration of trust is recorded in the deed records of Reeves county, Tex.; that Louis Greenberg, plaintiff trustee, resides in Marion county, Ind.; that Bernard Goodman, plaintiff trustee, resides in Dallas county, Tex.; that the defendant Max Weiler is a trustee of said trust estate, constituting the third member of the board of trustees, and resides in Dallas county, Tex.; and that Citizens' State Bank of Toyah, Tex., is a private corporation, incorporated under the laws of Texas, having its principal office and place of business in the city of Toyah, in Reeves county, Tex., whose president is F. W. Johnson and whose cashier is E. B. Daniel, both of whom reside in Reeves county, Tex. Plaintiffs below allege that on or about June 1, 1920, plaintiff hotel company, acting through its trustees, opened an account with defendant Citizens' State Bank of Toyah, Tex., and at that time advised defendant bank, through its officers and employés, that checks drawn against the deposit account of plaintiff hotel company must be signed in the following manner before said bank should be authorized to cash the checks and charge them to the account of said company, to wit, "Toyah Hotel Company, by Max Weiler, president, and Bernard Goodman, treasurer"; that approximately $2,500 was deposited in said account and that various proper charges, totaling $710, have been made against the same; that there should have remained in said bank after deducting said proper charges approximately $1,800; that, acting on the assumption that there was approximately $1,800 in said account at said bank, plaintiff Toyah Hotel Company, acting through its proper trustees, issued certain checks as follows: (1) Check for $350 dated June 8, 1920, payable to Bernard Goodman; (2) check for $150 dated June 9, 1920, payable to Bernard Goodman; (3) check

for $350 dated June —, 1920, payable to Max Weiler, and indorsed by said Weiler to Burton-Rountree Company of Dallas, Tex. That said checks were signed in the manner prescribed in the instructions given to defendant bank and were deposited in banks at Dallas, Tex., on or about the 9th day of June, 1920, for collection; that said checks were sent by said Dallas banks to defendant bank for collection, and on or about June 22, 1920, were received back by said Dallas banks unpaid, with indorsements on each that insufficient funds were in said account to permit payment of the same; that, by reason of the failure of defendant bank to honor and pay said checks, the holders thereof have called on plaintiff hotel company to make good their value, and plaintiff hotel company and its trustees have incurred liability to the amount of $850.

Plaintiffs below further allege that defendant bank has represented to plaintiffs that plaintiff hotel company's account in said bank has been depleted to the extent that it is only about $24; that, if this is correct, said balance has been depleted to the extent of $1,776 without the knowledge, consent, authority, or ratification of plaintiff trustees, for which amount, to it, $1,776, plaintiffs bring their suit against defendant bank.

Plaintiffs below further allege they have been informed by defendant bank that a charge of $1,776 was made against said account upon the advice of Max Weiler, president of plaintiff hotel company, which money was expended for lumber for the benefit of Max Weiler, or plaintiff hotel company; that, if defendant bank has used funds of plaintiff hotel company for such purposes, such action on the part of defendant bank was gratuitous, unauthorized, and prejudicial to the rights of plaintiff; that, if said money was expended by defendant bank, it was done without authority of a check signed in accordance with the instructions given said bank governing said deposit account; and that specifically Bernard Goodman, treasurer, did not sign said checks. Plaintiffs below further allege on belief that no check was issued authorizing said gratuitous expenditure and investment on the part of defendant bank; that, if any such check was issued, it was signed by defendant Weiler without authority of plaintiffs. Plaintiffs bring suit for the amount of $1,776 against defendant bank and defendant Weiler, jointly and severally.

Plaintiffs further allege that they have been injured in their credit by virtue of the dishonored return of such checks to the extent of $5,000, for which they bring suit against defendant bank at Toyah, Tex., or in the alternative against defendant bank of Toyah, Tex., and defendant Weiler, jointly and severally.

Appellant Citizens' State Bank of Toyah,

Tex., duly filed its plea of privilege under articles 1830 and 2308 of the Revised Statutes of Texas, in this case, on September 6, 1920, alleging therein that at the time of the accrual of plaintiffs' cause of action, and at the time this suit was brought, and at the time of filing of said plea, it was a resident of Reeves county, Tex., and not of Dallas county, Tex.; that it was a corporation duly organized and existing under the laws of the state of Texas with principal offices and corporate domicile in the city of Toyah, Reeves county, Tex., and that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes of Texas exist in this cause; that this suit does not come within any of the exceptions provided by law in such case as would authorize this suit to be brought or maintained in Dallas county, Tex., or elsewhere outside of Reeves county, Tex.; and defendant bank prayed judgment of the court that this suit be transferred to the district court of Reeves county, Tex., and for such orders as might be proper and necessary.

Appellees filed controverting affidavit to appellant's plea of privilege on October 22, 1920, alleging: (1) That in this cause there are two defendants, to wit, Citizens' State Bank of Toyah, Tex., and Max Weiler; that although defendant bank has its principal office and place of business in Toyah, Reeves county, Tex., the defendant Weiler did reside in the city of Dallas, Dallas county, Tex., at the time of the institution of the suit and for several months prior thereto and thereafter; that the facts of their residence bring defendants within the exception provided in subdivision 4 of article 1830, Revised Statutes of Texas; (2) that plaintiff's suit is founded upon a trespass, for which a civil action in damages may lie, which trespass was alleged as being committed in Dallas, Dallas county, Tex., and that the facts surrounding the commission of the trespass bring this cause within the exception provided in subdivision 9, art. 1830, Revised Statutes of Texas; (3) that this is a suit against a private corporation on a cause of action, all or a part of which arose in Dallas county, Tex., and that the facts surrounding the cause of action bring this case within the exception provided in subdivision 24, art. 1830, Revised Statutes of Texas.

A trial upon the plea of privilege was had before the court without a jury on the 29th day of November, 1920, and the court rendered judgment overruling the plea of privilege, to which judgment of the court defendant bank in open court duly excepted.

The evidence introduced on the hearing of the plea of privilege established the following facts: That the Toyah Hotel Company was a trust estate organized in Dallas, Tex., under a trust agreement dated —— day of July, 1920, recorded in Reeves county, Tex.; that its place of business was at Toyah in said county, Bernard Goodman, Max Weiler, and Louis Greenberg being the trustees in said trust; that appellant was a private corporation under the laws of Texas with its principal office and corporate domicile in Toyah, Reeves county, Tex., and was so domiciled at the time of, and before, the filing of said suit, and it never at any time had an agent in Dallas county; that Max Weiler, named as codefendant with appellant, resided in Dallas county, Tex., prior to and at the time said suit was filed; that some time prior to June 8, 1920, said Toyah Hotel Company deposited with appellant bank different sums of money aggregating $2,500; that three checks described in appellees' petition were presented to, and payment refused by, appellant bank at its place of business for want of sufficient funds; that Max Weiler signed, in Dallas county, the checks described and alleged in appellees' petition to have been turned down by appellant. No evidence was introduced showing that a trespass had been committed in Dallas county which was participated in by appellant and said Weiler, or that the cause of action alleged in appellees' petition arose in Dallas county so as to bring the venue of said suit within the exceptions provided in subdivision 9 or subdivision 24, art. 1830, Revised Statutes of Texas.

We have carefully examined the allegations and have reached the conclusion that, if any liability is shown thereby, same is not joint, or a liability with which the appellee Weiler was connected or concerned, and does not show a necessity for, nor the propriety of, joining him as a party defendant to said suit. Revised Civil Statutes of Texas, art. 1830; Thorndale Merc. Co. v. Evens & Lee (Tex. Civ. App.) 146 S. W. 1053; Waldrep v. Roquemore et al., 60 Tex. Civ. App. 138, 127 S. W. 248; Shaw v. Stinson et al. (Tex. Civ. App.) 211 S. W. 505; Thomas Goggan & Brother v. Morrison et ux. (Tex. Civ. App.) 163 S. W. 119; McCauley et al. v. McElroy (Tex. Civ. App.) 199 S. W. 317; Pool v. Pickett, 8 Tex. 122; Graves v. McCollum & Lewis (Tex. Civ. App.) 193 S. W. 217; Russell v. Green (Tex. Civ. App.) 214 S. W. 448.

Therefore we hold that, as the record fails to show that Weiler was either a necessary or proper party defendant to said suit, the trial court erred in overruling appellant's plea of privilege, and reverse the judgment sustaining same and remand, with instructions to the trial court to proceed to enter proper judgment sustaining said plea and transferring said cause to the district court of Reeves county.

This is a companion case to Citizens' State Bank of Toyah, Tex., v. Bernard Goodman (Tex. Civ. App.) 239 S. W. 231, in which opinion is on this day handed down, and the reasons contained in said opinion are hereby

referred to and adopted as the reasons for conclusion reached in this cause.

Reversed and remanded, with instructions.