## STONE FORT NAT. BANK OF NACOGDOCHES v. FORBESS.

### No. 3630.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1931.

Rehearing Denied Sept. 9, 1931.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellant.

Dennis Zimmermann, of Tulia, for appellee.

JACKSON, J.

This is an appeal from a judgment overruling the appellant bank's plea of privilege. The appellee sued the appellant bank, alleging, in substance, that he was a resident citizen of Randall county. That the defendant

was a national banking corporation, having its office and place of business in Nacogdoches county. That about October 15, 1929, plaintiff deposited to his own account in said bank, subject to his check, the sum of $300, and, though he had drawn his check upon said bank for said amount, defendant refused to pay his checks and otherwise refused to pay said sum of money to him, to his damage.

That about November 15th, while plaintiff's money was still on deposit in said bank, he made a draft thereon in the sum of $300 in favor of the First National Bank of Canyon, which is located in Randall county, Tex., which draft was forwarded by the Canyon bank to the defendant bank at Nacogdoches. That the defendant bank refused to pay said draft for $300 without lawful excuse, and, because of such refusal, plaintiff's draft was protested for nonpayment, and plaintiff was required to pay the sum of $1.81 protest fees. That plaintiff was then engaged in buying and selling cattle, and defendant bank knew that a refusal to pay his check would injure his credit in Randall county and would result in forcing him to get money from other sources to reimburse the bank at Canyon for the money advanced to him on his draft. That the failure to pay said draft did injure and damage plaintiff's credit in said county and he was required to borrow money and pay ten per cent. interest thereon in lieu of the $300 so wrongfully withheld by the defendant. That the failure to pay said draft rendered him unable to make some business deals in Randall county, from which he would have derived profits, and he was generally financially crippled in his business dealings with others.

He alleges that he drew a second check in the same manner as the first had been drawn, which the defendant again refused to pay without just cause and forced plaintiff to sacrifice some town property he had in Canyon and sell the same for less than its actual value in order to raise money which he needed. That the act of the defendant in refusing to pay his said draft was malicious and willful, and that plaintiff has been damaged in the sum of $5,000, in addition to the $300 and interest thereon withheld from him by defendant, and that, because of the wanton, willful, and malicious intent and desire of the defendant to injure and harass him, plaintiff has suffered exemplary damages in the sum of $5,000. He prays for damages in the total sum of $10,800.

The appellant bank filed its plea of privilege to be sued in Nacogdoches county.

January 8th, plaintiff filed his first amended answer, controverting the plea, in which he copied his first amended original petition practically in full, and in addition alleged: "Plaintiff says that this court has jurisdiction of this defendant because of section 23 of article 1995 of the Revised Statutes of Texas 1925, which provides that suits against a corporation, association or joint stock company, may be brought in any county in which the cause of action or any part thereof arose and that part of plaintiff's cause of action herein arose in Randall County, the county in which this suit is instituted and is now pending."

The defendant bank urged a general demurrer to the plaintiff's controverting answer upon the ground that subdivision 23 of article 1995 was unconstitutional, as applied to this case.

By a supplemental brief the appellant admits that the demurrer is not well taken, since the Supreme Court of the United States, in the case of Bain Peanut Co. et al. v. Pinson et al., 282 U. S. 499, 51 S. Ct. 228, 75 L. Ed. 482, has held that said subdivision is constitutional.

The court heard and overruled the plea of privilege on January 9, 1931.

As will be seen from the foregoing statement, a part of the plaintiff's cause of action is damages growing out of the tort of the bank in refusing to pay his check, which resulted in injury to his credit and financial standing in Randall county and forced him to borrow money to continue in business as a dealer in cattle.

As said in San Jacinto Life Insurance Co. v. Boyd (Tex. Civ. App.) 214 S. W. 482, 483: "We believe under our statute on venue it is too narrow to confine it to the genesis of the right, but it embraces every fact necessary to be shown in order to recover. 'Arose,' we do not think, refers alone to the very beginning of the right, but to every fact which has arisen and inheres in the cause of action. It is the right to bring a suit, or that right which is based upon the ground or grounds on which an action may be maintained."

In discussing subdivision 23 of R. S. art. 1995, it is said in 11 Tex. Jur. 54, § 402:

"For other purposes the courts have had occasion to define what constitutes a cause of action. These cases may doubtless be usefully referred to in connection with the application of the venue statute, but it must not be overlooked that the words 'or a part thereof' form one of the essentials of the statutory criterion. Plainly, it is not necessary that all the facts constituting the cause of action shall have arisen in the county of suit.

" 'The added phrase, "or a part thereof," has the effect, for the purpose of the venue, to divide the cause of action and to permit the trial to be where any portion of the cause has arisen; otherwise the phrase would be without meaning and effect.'

"Nor is any fact excluded from consideration as forming part of the cause of action because, in the case at bar, it is not in issue between the parties. * * *

"In the case of a tort, it is composed of every fact essential to a finding that the defendant is liable in damages for the wrong."

In Phillio v. Blythe, 12 Tex. 124, Judge Hemphill discusses the element of a cause of action, and says: "It may be defined to consist as well of the right of the plaintiff in the action, as of the injury to such right."

As shown by the evidence, the damages incident to the notation made upon the check when payment was refused occurred and resulted in Randall county. The authorities agree that a depositor has a right to recover the amount of his deposit and as a general rule may also sue in tort for the resulting injuries suffered by reason of the bank's refusal to pay his check without sufficient excuse.

In 7 C. J. note 35, page 697, it is said: "A trader who gives a check to his creditor upon a bank in which he has funds is almost necessarily injured in his credit by the dishonor of the check, for it is a slur upon it of a similar character to that which is caused by the utterance of slander throwing doubt upon his solvency. In both cases he is allowed to recover substantial damages without proving any special damages."

Appellant cites the cases of Citizens' State Bank of Toyah v. Greenberg (Tex. Civ. App.) 239 S. W. 233 and Citizens' State Bank of Toyah v. Goodman (Tex. Civ. App.) 239 S. W. 231, as authority sustaining its plea of privilege. As we understand these cases, they are not in point. The actions were not instituted by the makers of the draft which the bank dishonored. The drafts were drawn by third parties, and, as stated in the opinion, no evidence was introduced showing that a trespass had been committed in Dallas county or that the cause of action alleged in appellee's petition arose in Dallas county.

Section 23 of the statute is discussed in Savage v. Burks (Tex. Civ. App.) 270 S. W. 244, 245, in the following language: "A cause of action, as that term is used in the venue statute, consists both of the right of plaintiff and the injury to such right. It embraces the entire state of facts that give rise to an enforceable claim, and necessarily comprises every fact which a plaintiff must prove in order to obtain judgment."

In the instant case, the testimony going to show injury to the financial standing and credit of Forbess came from witnesses residing in Randall county where he resided and from which county he operated as a dealer in cattle.

We think the court correctly overruled the plea of privilege, and the judgment is affirmed.

HALL, C. J., not sitting.