**TAYLOR–EVANS SEED COMPANY, Appellant,**

v.

**Don HART, Appellee.**

**No. 7736.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 18, 1967.

1995, Vernon's Ann.Tex.St. is involved. Appellee also pleaded Exception 5 of Article 1995 but the trial court held against him on that part of his controverting plea.

Appellee, Don Hart, was plaintiff below and the named corporation was defendant. They will hereinafter be referred to by their names or as they were in the trial court.

By written contract dated February 10, 1965, entered into between the named parties, Don Hart agreed to produce for defendant seed milo on approximately five hundred acres of land he was farming in Hansford County. Defendant agreed to furnish the necessary seed milo, to assume the responsibility of roguing[1] the planted acreage, " * * * apply for certification and carry on necessary work other than production with the exception of keeping down noxious weeds from neighboring fields, bar ditches, etc., that might cause the field to be turned down for certification." Under the contract plaintiff was to pay back to defendant the expenses incident to roguing, such refunds to be made at the time plaintiff was paid for the seed milo grown.

Recovery is sought by plaintiff because of the failure of defendant to perform the roguing operation required by the contract, in the manner and at the time contemplated by the parties. It is without contradiction that all the seed milo grown on the five hundred acres in 1965 failed to meet the minimum standards of purity required except 170,400 pounds of the R.S.–610 variety accepted by defendant.

The exception to the legal right of defendant to be sued in the county of its residence with which we are here concerned is that part of Subdivision 23 of Article 1995 requiring proof of a cause of action by plaintiff against defendant; that said cause of action or a part thereof originated in Hansford County and that defendant is

Culton, Morgan, Britain & White and Maston C. Courtney, Amarillo, for appellant.

Linn & Helms and Richard N. Countiss, Spearman, for appellee.

CHAPMAN, Justice.

This is an appeal from the order of the District Court of Hansford County overruling a plea of privilege filed by defendant, Taylor-Evans Seed Company, a corporation domiciled in Swisher County, to be sued in its resident county. So far as appellant's contention for reversal of the trial court is concerned, only Exception 23 of Article

1. Roguing, as used in the production of certified seed milo, is the process of preventing the pollination of inferior or non- typical plants with the seed milo being grown for certification.

a private corporation. Those were the venue facts necessary to be established. The last two are conceded by brief of Taylor-Evans to have been proven.

■ It appears to be settled law in this state that under Subdivision 23 of Article 1995 authorizing the bringing of a suit against a private corporation in any county in which the cause of action, or a part thereof, arose, such cause of action for the breach of an obligation is composed of two elements; i. e., (1) the contract, which is the primary right of the plaintiff, and (2) the breach thereof, which is the act or omission on the part of defendant without which there could be no cause of action or right to recovery. Old Nat. Life Ins. Co. v. Bibbs, 175 S.W.2d 304 (Tex.Civ.App.-Galveston, 1943, writ dism'd); Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674 (1936, on certified questions from our court). We must, therefore, look to the evidence to determine if defendant failed to perform the roguing operation required of it under the contract in the manner and at the time contemplated by the parties.

■ The two points properly brought forward by Taylor-Evans are assertions of no-evidence and factually insufficient evidence to support the judgment rendered by the court.

Pursuant to defendant's request for findings of fact and conclusions of law the trial court found that plaintiff presented evidence that defendant failed to send roguing crews to the field at the proper time or in sufficient numbers to properly perform the roguing operation and there were inadequate roguing crews in the subject field at a time when voluntary Sudan grass was blooming and pollinating with the seed grain. We hold the finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. It follows that such a finding naturally includes the no-evidence point; i. e., there was some probative evidence from which

the trier of the facts could make such finding.

The evidence supporting the finding of fact shows defendant sent four separate crews to perform the roguing tasks. The first crew sent by Taylor-Evans was composed of Mexican Nationals. The Border Patrol intercepted them before they ever reached the field. The second crew constituted approximately fifty teenage, unsupervised, Borger grade school and high school boys. They were in the field at a crucial time but were not getting the work done properly. After a few days they were fired and a crew of Negroes sent to do the roguing. Their work was also unsatisfactory and defendant fired them. It was a week to ten days from the time the teenagers were discharged before there was a full crew of roguers in the field. Finally, a crew of North American Mexicans was sent to do the roguing. Their work was efficient and satisfactory but there is probative evidence that during the interim from the appearance of the teenagers to the time the last crew of Mexicans were sent to the field, a period of more than three weeks, the foreign plants had bloomed and cross-pollinated with the seed milo.

The evidence favorable to the trial court's fact findings [Finding No. 9] also show that plaintiff had advised defendant before the contract was signed that Sudan grass had been grown on part of the subject field two years prior and milo and voluntary Sudan grass had been grown there one year before the said milo was planted. There was also evidence offered by plaintiff that defendant's agents were told of the crop history of the said grain field before the contract was signed and that defendant's agents saw the Sudan grass in the field when the seed grain was in an early growing stage and told plaintiff it could be adequately rogued.

The evidence is without contradiction that plaintiff performed his obligation of keeping down noxious weeds and other plants from neighboring fields, bar ditches, etc.

To contradict the above evidence favorable to plaintifff, defendant's agents testified it would be impossible to grow seed grain acceptable to defendant in a field with the crop history of the subject field, and Darwin Metcalf, manager of defendant corporation, testified nothing was said before the contract was signed that Sudan grass had been grown on part of the five hundred acre field in 1963.

The trial court concluded from the foregoing facts that a cause of action was proven " * * * by plaintiff's evidence of defendant's breach of the contract by failure to timely and properly rogue the said grain field; and by plaintiff's evidence of monetary damage suffered as a result of the breach."

■ Where the great weight and preponderance of the evidence question is raised in a Court of Civil Appeals from a judgment based upon a jury verdict, the Supreme Court of Texas in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951) has announced the law as follows:

"The question requires the Court of Civil Appeals, in the exercise of its peculiar powers under the constitution and Texas Rules of Civil Procedure Nos. 451, 453, and 455, to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust—this, regardless of whether the record contains some 'evidence of probative force' in support of the verdict."

■ Though our case is a venue matter arising from fact findings made by the trial court rather than a jury case tried on its merit, the Supreme Court of Texas in a venue case heard before the trial court has held: "The test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other case." Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

The trial court resolved the controversial testimony concerning the material facts constituting the breach of the contract by believing the testimony of plaintiff and his witnesses and rejecting that of defendant and its witnesses. We cannot say, in considering all the evidence, that his findings were so against the great weight and preponderance of the evidence as to be manifestly unjust.

In view of what we have said, it is unnecessary to pass on appellee's cross point.

The judgment of the trial court is affirmed.