G. P. ENTERPRISES, INC., Appellant,

v.

Gordon H. ADKINS, Appellee.

No. 8404.

Court of Civil Appeals of Texas, Texarkana.

Nov. 23, 1976.

Robert A. Scardino, Houston, for appellant.

Gerard B. Rickey, Dallas, for appellee.

CORNELIUS, Justice.

Appellee filed suit in Collin County against appellant for breach of contract. Appellant, a corporation, filed its plea of privilege to be sued in Harris County where its principal place of business is located. The trial court overruled the plea and appellant has appealed.

The judgment sustaining venue in Collin County was based upon Tex.Rev.Civ.Stat. Ann. art. 1995–23 (1964) which provides that suits against a private corporation may be brought in the county "in which the cause of action or part thereof arose." Appellant's primary contention is that appellee did not sustain his burden of showing that the cause of action or a part thereof arose in Collin County.

Appellee's evidence may be summarized as follows: Appellee had received information that appellant was interested in selling some 12,000 feet of oil well casing. From his office in Collin County he telephoned appellant's office in Houston and inquired about the pipe. Mr. Prause, Vice President of appellant, stated from his office in Houston that appellant had the pipe which it would allow appellee to sell as broker. Mr. Prause stated that the price would be $25.00 per foot and that appellant would pay appellee, as broker, a commission of $4.00 per foot. Appellee consented to that arrangement and told Mr. Prause to send him a Telex, in care of appellee's bank in Collin County, confirming the arrangement. Appellant sent the Telex as requested. It provided, among other things, that appellant would sell the pipe at $21.00 per foot net to it, and it agreed:

"  .   .   . to remit to Mr. Gordon Atkins (sic) via his specified mode of movement additions (sic) funds received from Apxco (the party to whom appellee expected to sell the pipe) and will be payable upon collection as received. GP Enterprises,

Inc. is not responsible for any commissions or brokerage fees payable to other parties than to Mr. Gordon Atkins direct." (Parenthesis supplied.)

Upon receipt of the Telex appellee called Apexco and arranged for the sale. Pursuant to appellant's agreement to pay his commission "via his specified mode of movement," appellee notified appellant to forward his commission to him in Plano, Collin County, in care of his local bank. Thereafter, appellant paid appellee $27,-000.00 commission at his bank in Plano. Appellee called appellant to inquire as to the reason for the deficiency in the commission. He was told that only 9,000 feet of pipe was usable and that appellant and Apexco had agreed to certain changes in the specifications for the threading and joints for the casing. Because appellant's cost was greater than it anticipated, appellee was told that appellant was only going to pay $3.00 per foot commission, and it was to be paid only on the 9,000 feet of pipe which was actually delivered. Appellee thereupon filed suit to collect the $4.00 per foot commission on the 12,000 feet of casing as he contended was originally agreed.

██ To sustain venue under subdivision 23 of Article 1995, a plaintiff must establish by a preponderance of the evidence all of the elements of a cause of action against the defendant, and that at least a part of that cause of action occurred in the county of suit. See 1 McDonald's, Texas Civil Practice, Sec. 4.30.2, p. 518, and cases there cited. In a breach of contract case the "cause of action" is composed of two elements: (1) the contract, which is the primary right, and (2) the breach thereof, which is the act or omission on the part of the defendant without which there could be no cause of action or right of recovery. *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674 (1936); *Taylor-Evans Seed Company v. Hart*, 420 S.W.2d 138 (Tex.Civ.App. Amarillo 1967, no writ); *National Life Co. v. Wolverton*, 163 S.W.2d 654 (Tex.Civ.App. Waco 1942, no writ); *General Motors Acceptance Corporation v. Lee*, 120 S.W.2d 622 (Tex.Civ.App. Fort Worth 1938, no writ). Thus, if the contract was entered into in the county of suit, or if the breach thereof occurred in the county of suit, venue may be retained in that county. *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, supra. A contract is made where the acquiescence or final agreement of the minds occurs. If the contract is entered into through an offer by one party and its acceptance by another, the agreement is deemed to have been made at the place where the offer is accepted. *Curtis Peanut Co. v. United Sales Co.*, 283 S.W.2d 113 (Tex.Civ.App. Dallas 1955, no writ); *Loessin & Herndon, Inc. v. Coffield Lumber Company*, 280 S.W.2d 796 (Tex.Civ.App. Galveston 1955, writ ref'd); *Farmers' State Bank v. Sullivan*, 241 S.W. 727 (Tex.Civ.App. Beaumont 1922, no writ); 13 Tex.Jur.2d, Contracts, Sec. 298, p. 545. That principle applies to contracts made over the telephone. *Traders Oil Mill Co. v. Arnold Bros. Gin Co.*, 225 S.W.2d 1011 (Tex. Civ.App. Galveston 1949, no writ); *Gleason v. Southwestern Sugar & Molasses Co.*, 214 S.W.2d 640 (Tex.Civ.App. Waco 1948, no writ); *Cowdin Grocery Co. v. Early-Foster Co.*, 237 S.W. 578 (Tex.Civ.App. Austin 1921, no writ). However, where other things or acts are to be done after acceptance before the parties are to be bound, the contract will be considered to have been made at the place where the other acts are performed. *Clifford-Bell Petroleum Co. v. Banker's Petroleum & Refining Co.*, 286 S.W. 564 (Tex.Civ.App. Fort Worth 1926, no writ); 13 Tex.Jur.2d, Contracts, Sec. 298, p. 546.

██ The court in this case made findings of fact and conclusions of law. Among other things, it was found that:

"1. On June 14, 1974, Defendant acting through its duly authorized Vice President, Mr. Prause, offered to authorize Plaintiff to broker approximately 12,000 ft. of casing and to pay Plaintiff a commission of $4.00 per ft. on all casing for which Plaintiff found a buyer, at $25.00 per ft.

2. Plaintiff assented to Defendant's offer by telephone from his office in Plano, Collin County, Texas.

3. Plaintiff and Defendant agreed that the arrangement would be confirmed in writing and be effective upon delivery of a telegram to Plaintiff in care of his bank in Plano, Collin County, Texas.

4. Defendant sent the telegram, a true copy of which is attached hereto as Exhibit A, to Plaintiff and such telegram was delivered to Plaintiff at Plaintiff's bank in Collin County, Texas.

5. Plaintiff acted upon receipt of the telegram by calling Apexco from his office in Collin County regarding purchase of the casing upon the terms stated in the aforementioned telegram.

6. Plaintiff specified to Defendant that his commission should be forwarded to him in care of his bank in Plano, Collin County, Texas.

7. Defendant paid to Plaintiff at Plaintiff's bank in Collin County, Texas, only $27,000.00.

8. Defendant has not paid Plaintiff any sums of money in connection with the aforementioned casing other than the $27,000.00."

Other findings established that appellee performed all of his obligations under the contract and, for the purposes of the venue hearing, had proven all of the elements of his cause of action against appellant. The record reveals that these findings are supported by sufficient evidence. As the court found that the acceptance of the offer was made in Collin County, and that the arrangement was to be effective upon the receipt by appellee of appellant's telegram in Collin County, a portion of appellee's cause of action, i. e., the contract or primary right arose in Collin County as required by subdivision 23. Moreover, appellant agreed to pay appellee's commissions "via his specified mode of movement." Appellee specified that payment was to be made to him in Collin County. As full payment, at least according to appellee's view of the contract, was not made in Collin County as required, the breach of which appellee complains also occurred in Collin County.

We conclude that appellee sustained his burden of showing that his cause of action or a part thereof arose in Collin County as required by subdivision 23.

■ Appellant also complains that the venue hearing developed into an actual trial of the case on the merits, whereas it should have been restricted to a hearing on venue facts only. As above noted, in a subdivision 23 case the plaintiff is required to establish by a preponderance of the evidence on the venue hearing all of the elements of his cause of action. The court properly heard evidence on all those elements and made findings thereon. Those findings do not establish the elements of appellee's cause of action on the merits, but only for the purpose of determining venue. The judgment properly made no disposition of the case on the merits but only decreed that the plea of privilege was overruled.

We find no error. The judgment of the trial court is affirmed.