**RIVERSIDE CHEMICAL COMPANY, a subsidiary of Cook Industries, Inc., Appellant,**

v.

**Alvin G. HANSON, Appellee.**

**No. 5905.**

Court of Civil Appeals of Texas, Waco.

June 8, 1978.

Roy B. Johnson, Fillmore & Camp, P. C., Fort Worth, for appellant.

Jimmy R. Hinds, Arlington, for appellee.

## OPINION

JAMES, Justice.

This is a venue case, wherein Defendant appeals from the trial court's overruling of its plea of privilege. We affirm.

Plaintiff-Appellee Alvin G. Hanson, a resident of Hamilton County, filed suit in Hamilton County against Defendant-Appellant Riverside Chemical Company, a subsidiary of Cook Industries, Inc., a foreign corporation with a permit to do business in Texas, to recover damages for injuries and death allegedly sustained by Plaintiff's cattle as the result of spraying said cattle with a product manufactured and mislabelled by Defendant-Appellant. Plaintiff-Appellee Hanson used the product in question in Hamilton County.

Defendant-Appellant Riverside filed its Plea of Privilege to be sued in Dallas County, where its registered agent was located; whereupon Plaintiff-Appellee Hanson filed his Controverting Affidavit, alleging that venue properly lay in Hamilton County under subdivisions 7, 9a, 23, 27 and 31 of Article 1995, Vernon's Texas Civil Statutes.

After hearing the trial court overruled Defendant's Plea of Privilege, from which action of the trial court Defendant Riverside appeals on three points of error, to wit: (1) there is no evidence that any acts or omissions on the part of Defendant-Appellant were the proximate cause of any injury to Plaintiff-Appellee in Hamilton County; (2) no evidence that Defendant-Appellant breached an implied warranty in Hamilton County; and (3) no evidence that any breach of implied warranty was a proximate cause of any injury to Plaintiff-Appellee in Hamilton County. We overrule Appellant's points and contentions and affirm the trial court's judgment.

As stated, Defendant-Appellant Riverside is a subsidiary of Cook Industries, Inc., a foreign corporation having a permit to do business in Texas; Riverside's principal business consists of sale and distribution of agricultural chemicals, fertilizers, application equipment, seed, animal feed, and animal health products. Riverside admitted by

way of answers to Interrogatories that it manufactured, packaged, labelled, sold, and delivered to Rancher's Supply, a retail store located at Cranfills Gap, in Bosque County, on July 19, 1976, a five-gallon container labelled "Malathion 5"; said Appellant further admitted that several such containers were mislabelled that were sold and delivered to Rancher's Supply; Riverside first learned that it had mislabelled its product on November 9, 1976; that no mislabelled containers were sold to any retail outlets other than Rancher's Supply; that six persons other than Plaintiff Hanson were caused to suffer losses or damages as a result of the use of such mislabelled product; that by a letter dated November 19, 1976, Defendant Riverside by and through its vice-president, C. Thomas Barnes, wrote to Plaintiff Hanson as follows:

"It is our understanding that you have in your possession approximately five gallons of a product which is labeled 'Riverside Malathion 5'. We have reason to believe that this container or these containers may contain parathion instead of malathion. Parathion is a highly toxic substance and may injure or kill humans, domestic animals, or wildlife by oral ingestion, inhalation of vapors, or contact with any part of the body.

"We wish to pick up this material and return it to Riverside Chemical Company, 501 Texas Central Parkway, Waco, Texas, for holding at that facility. You may arrange to have us pick up this material by calling Riverside (collect) at Area Code (817) 772–7210.

"In the event you do not allow us to pick up the materials in question, you are hereby advised of the inherent poisonous nature of this product and you must take all necessary steps to insure that this material cannot be contacted by unauthorized personnel or domestic animals or unintentionally released into the environment. For your further information, we are enclosing a 'Riverside Parathion 4' label."

Mr. David Sills, an officer of Defendant Riverside, testified in answer to written interrogatories as follows: the possible effects of "Parathion 4" on animals and on human beings are headaches, nausea, vomiting, cramps, weakness, blurred vision, pinpoint pupils, tightness in chest, labored breathing, nervousness, sweating, watering of eyes, drooling or frothing of mouth and nose, muscle spasms, and death; that Malathion is derived from a safe chemical, whereas Parathion is also an insecticide but has "very high toxicity."

Plaintiff Hanson testified that he lives in Hamilton County, and has his ranch and cattle there; that on or about September 23, 1976, Plaintiff purchased from Rancher's Supply a container labelled "Malathion 5" for the purpose of spraying his cattle to keep the ticks, flies, and lice off of them. The label on the container provided: "Directions for use: Livestock and poultry, beef cattle, horses and hogs: For control of lice, ticks, and horn flies, mix one to two gallons of Riverside Malathion 5 with 100 gallons of water and apply as a complete coverage spray—.". Plaintiff Hanson further testified that he used the contents from that container as a spray to control ticks and lice on his cattle in Hamilton County; that he followed the directions on the label in spraying of his cattle; and that immediately upon spraying his cattle, they began to have violent reactions, and after he had sprayed some 108 head of cattle, twenty-eight head died.

Hubert B. Viertel, owner of Rancher's Supply, testified that in July, 1976, he bought some containers filled with a substance from Riverside labelled, "Malathion 5"; that on or about September 22, 1976, he sold one of these 5-gallon containers to Plaintiff Hanson; that shortly after this he learned that several head of Hanson's cattle had died; that he went to Hanson's place shortly after Hanson had sprayed, and personally saw several dead cattle on Hanson's place; that there had been no change in the 5-gallon containers between the time he bought them from Riverside and sold one of them to Hanson.

As stated before, in his controverting Affidavit to Defendant's Plea of Privilege, Plaintiff Hanson, among other grounds, sought to establish venue in Hamilton

County under subdivisions 23 (suits against private corporations), 27 (suits against foreign corporations doing business in this State), and 31 (suits for breach of warranty by a manufacturer).

The venue facts necessary to be established by Plaintiff under subdivisions 23 and 27, as applicable to the instant case are: (1) that Defendant is a corporation; (2) that Plaintiff has a cause of action against Defendant; and (3) that such cause of action or a part thereof arose in Hamilton County. *Stone Fort National Bank v. Forbess* (1936) 126 Tex. 568, 91 S.W.2d 674; *Van Waters & Rogers, Inc. v. Kilstrom* (Waco, Tex.Civ. App.1970) 456 S.W.2d 570, 571 no writ; *O. M. Franklin Serum Co. v. Hoover* (Amarillo, Tex.Civ.App.1966) 410 S.W.2d 272, 273, writ refused, NRE in Tex., 418 S.W.2d 482.

Since venue facts (1) and (2) above are clearly existent, the specific problem before us is whether Plaintiff's cause of action or a part thereof arose in Hamilton County. We believe that such cause of action or a part thereof did arise in Hamilton County, because it was there that the manufactured product was used and where the cattle died immediately after such spraying.

Appellant asserts there is no evidence of proximate cause in Hamilton County. The evidence is undisputed that the Defendant mislabelled the product, thereby misleading the Plaintiff to spray his cattle with a deadly poison in Hamilton County; there is evidence Plaintiff followed the directions on Defendant's label on the container in spraying the cattle; that the cattle started dying by the time he completed his spraying. Any element of a cause of action, including proximate cause, may be established by circumstantial evidence. *Bock v. Fellman Dry Goods Co.* (Tex.Comm.App.1919) 212 S.W. 635, opinion approved; *O. M. Franklin Serum Co. v. Hoover* (Amarillo, Tex.Civ.App. 1966) 410 S.W.2d 272, 274, writ refused NRE in Tex., 418 S.W.2d 482. In our opinion there is substantial evidence of proximate cause in Hamilton County.

Appellant further contends there is no evidence of breach of implied warranty by Defendant-Appellant in Hamilton County; or that if there was any such breach, there is no evidence that such breach was a proximate cause of Plaintiff's injury in Hamilton County. We overrule these contentions. In the case at bar, the Defendant put into the channels of commerce a deadly poison, and mislabelled the container so as to impliedly warrant its fitness for spraying cattle so as to kill insects; that Plaintiff followed the label directions in spraying his cattle in Hamilton County, thereby causing his damages. In the *O. M. Franklin Serum Co.* case cited hereinabove, a venue case similar in facts to the case at bar, the Court of Civil Appeals dealt with the case as one of breach of implied warranty; however, our Supreme Court, in a per curiam opinion wherein said court refused a writ of error, "No Reversible Error," specifically held that the seller of a defective product is subject to strict liability for damage caused to the property of the ultimate consumer. *O. M. Franklin Serum Co. v. Hoover* (Tex. 1967) 418 S.W.2d 482. In the case at bar, no exceptions were made to Plaintiff's pleadings, and they may be reasonably construed as alleging a cause of action on strict liability. The evidence we have recited establishes this cause of action.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.