**W.T. GRINDING & SUPPLY, INC., Appellant,**

v.

**PRICE INDUSTRIES, INC., Appellee.**

No. 10–82–159–CV.

Court of Appeals of Texas,
Waco.

Feb. 10, 1983.

Jack K. Smith, Smith, Ralston, Russell & Wright, Corsicana, for appellant.

Robert E. Rader, Jr., McCarty, Wilson, Rader & Mash, P.C., Ennis, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Plaintiff Price Industries sued defendant Grinding alleging the parties entered a contract whereby defendant agreed to build and sell plaintiff "grade 883 carbide steel tools for use by plaintiff in * * manufacturing zinc pulleys"; that plaintiff paid for "883 carbide" tools; that "unknown to plaintiff", defendant breached its contract and "built such tools out of inferior type steel"; that as a result of defendant's failure to make the tools out of "883 carbide steel", plaintiff had to replace 40,000 pulleys to its damage of $112,000.00. Plaintiff further alleged it brought its action under the provisions of the Deceptive Trade Practices Act.

Defendant filed its plea of privilege to be sued in Tarrant County, the County of its residence.

Plaintiff controverted asserting venue maintainable in Ellis County under Subdivision 23, Article 1995 VATS.

Trial was to the court which after hearing overruled defendant's plea of privilege.

Defendant appeals asserting there is no evidence, and/or insufficient evidence that the instant action or any part thereof arose in Ellis County.

Subdivision 23, Article 1995 VATS provides in pertinent part that suit against a private corporation may be brought in the county in which the cause of action or a part thereof arose.

■ The provisions of Subdivision 23 which permit a private corporation to be sued "in any county in which the cause of action or a part thereof arose", means that either some part of the transaction creating the primary right, or some part of the

transaction relating to the breach of that right, must have occurred in the county where suit is brought. *Stone Fort Nat. Bank of Nacogdoches v. Forbess,* S.Ct., 126 Tex. 568, 91 S.W.2d 674.

 The record here shows the contract between the parties was made in Arlington, Tarrant County; there is evidence defendant agreed to make the tools out of 883 carbide steel; that they did make the tools out of 883 carbide steel for 4 or 5 months; that thereafter they substituted an inferior metal which when used by defendant to manufactur pulleys in Ellis County, resulted in defective pulleys which had to be replaced by plaintiff to its damage.

And there is further evidence that defendants *knew and understood that the purpose of the tool it contracted to manufacture for plaintiff was going to be used by plaintiff for the manufacture of pulleys in Ellis County.*

This court held in *United States Pipe & Foundry Co. v. City of Waco,* 100 S.W.2d 1099, Affirmed S.Ct., 130 Tex. 126, 108 S.W.2d 432 in a comparable situation:

"It may be conceded that the false representations in the case at bar were made and that the consent of the city's engineers was obtained in Dallas county, *but it was known and intended at the time these representations* were made that the city of Waco would later, as a result thereof, adopt the specifications recommended by the Pipe Company, enter into a contract for the building of the line in McLennan County, and permit the installation of the pipe manufactured by appellant in accordance with the specifications as recommended by it. * * * *It was a part of the original scheme or design that the Pipe Company would furnish the pipe and that it would be installed in McLennan county. While the deceit may have been practiced and the consent of the city's engineers obtained in Dallas county, the purpose of the Pipe Company had not been fully accomplished nor had the city been fully injured until the pipe had been* *installed in McLennan county and the contract price paid.* We think the real injury to the plaintiff occurred at least in part in McLennan county, and therefore plaintiff had a right to maintain the suit in that county".[1]

In the case at bar plaintiff's real injury and at least a part of the transaction relating to the breach of plaintiff's right occurred in Ellis County when the tools defendant contracted to manufacture with 883 carbide (and which were not) were used by plaintiff in Ellis County. See: *Riverside Chemical Co. v. Hanson,* CCA (Waco) NWH, 567 S.W.2d 880; *Houston Pipe Line Co. v. Oxy Petroleum, Inc.,* CCA (Corpus Christi) Error Dism'd 597 S.W.2d 57; *First State Bank of Corpus Christi v. Von Boeckmann-Jones Co.,* CCA (Austin) NWH 359 S.W.2d 171.

Under this record we think the trial court was authorized to overrule defendant's plea of privilege. All defendant's points are overruled.

AFFIRMED.