THE STONE FORT NATIONAL BANK OF NACOGDOCHES
v. B. L. FORBESS.

No. 6554. Decided February 12, 1936.
(91 S. W., 2d Series, 674.)

*Underwood, Johnson, Dooley & Huff,* of Amarillo, for appellant.

Where a plaintiff's primary right and the violation of that right making up the legal cause of action occur in a given county, the fact that the results or consequences of the wrong affect the plaintiff, so far as the matter of damages are concerned, in some other county, does not, as against a corporate defendant, make the venue of the suit maintainable in the latter county. Houston &. T. V. Ry. Co. v. Hill, 63 Texas, 381; Westinghouse Electric & Mfg. Co. v. Troell, 70 S. W., 324; Texas Farm Mort. Co. v. Starkey, 25 S. W. (2d) 229; Tonn v. Inner Shoe Tire Co., 260 S. W., 1078.

*Dennis Zimmermann,* of Tulia, for appellee.

The court correctly overruled appellant's plea of privilege because the defendant being a corporation and a part of the cause of action having accrued in Randall County, the court had jurisdiction under subdivision 23 of Article 1995 of the Revised Statutes of 1925. Watson v. Johnson, 264 S. W., 603; Atlantic Natl. Bank v. Davis, 96 Ga., 334, 23 S. E., 190, 51 Am. St. Rep., 139; Savage v. Burks & Co., 270 S. W., 245; 7 C. J., 696, sec. 425.

MR. JUSTICE CRITZ delivered the opinion of the court.

This case is before us on a certified question from the Court of Civil Appeals for the Seventh District at Amarillo. The appeal involves only the question of venue. The opinion of the Court of Civil Appeals prior to certification is reported at 41 S. W. (2d) 695. The case was certified in response to mandamus issued by this Court. The opinion on application for mandamus was written by Judge Ryan, speaking for Section B of the Commission, and is reported at 122 Texas, 526, 62 S. W. (2d) 86. We refer to these two opinions for statements of the issues involved. However, in order that this opinion may be complete within itself, we make the following statement:

It appears from the record that Forbess, who is hereinafter designated appellee, deposited $300.00 in Stone Fort National Bank of Nacogdoches, Texas, which is hereinafter designated appellant. This transaction took place wholly in Nacogdoches County, Texas, and appellant was and is domiciled in that county. Afterwards appellee drew a draft on appellant bank in favor of the First National Bank of Canyon, Texas. This draft was for $300.00, the full amount of the deposit. The transaction relative to the drawing of this draft occurred wholly in Randall County, Texas. The Canyon bank was the agent of appellee, and had no authority to act for appellant. The Canyon bank, in law and in fact, presented the draft to appellant for payment at its place of business in Nacogdoches County, and payment was there refused. The draft was then protested, at a cost of $1.81. Later appellee drew another check or draft on appellant in favor of the above-named Canyon bank, and payment thereof was also refused by appellant. The circumstances relating to the second check or draft were the same as the first, except there is no showing that the second check was protested.

After the happening of the above events, appellee filed this suit in the District Court of Randall County, Texas, against appellant. Appellee's amended petition in the district court alleges the above facts, and in addition alleges that appellee was engaged in buying and selling cattle in Randall County, and that the failure of appellant to pay his above-named checks or drafts injured and damaged his credit in Randall County, and compelled him to borrow money and pay interest thereon in the last-named county. Appellee's petition further alleges that the failure to pay such checks or drafts rendered it impossible for him to make certain business deals in Randall County, from which he would have derived large profits. The petition further alleges that the refusal of appellant to pay such checks or drafts caused him to lose his interest in an estate in Nacogdoches County. The petition also alleges that the refusal to pay the above checks or drafts was willful and malicious on the part of appellant, and prays for $5,000.00 actual damages, and $5,000.00 exemplary damages. In addition, the petition prays for judgment for the amount of the deposit, with interest.

Appellant duly filed its statutory plea of privilege to be sued in the county of its domicile, Nacogdoches County. Appellee filed his controverting affidavit, in which he alleges the same facts as set out in his petition, and claims venue under

exception 23 of Art. 1995, R. C. S. 1925. In this connection appellee contends that a part of his alleged cause of action arose in Randall County because he suffered damages there. The case was heard on the plea of privilege and controverting affidavit alone, and the plea of privilege was in all things overruled. Appellant appealed, and the Court of Civil Appeals has certified to this Court the following question:

"Did the Trial Court err in overruling the Bank's plea of privilege?"

As already shown, appellee claims venue in this case in Randall County under exception 23 of Art. 1995. Under the general provisions of that statute, no person who is an inhabitant of this State shall be sued out of the county of his domicile. The article contains many exceptions to its general provisions. One of these exceptions is exception 23, which, so far as applicable here, permits a corporation to be sued in any county in which the cause of action, or any part thereof, arose. It is admitted that Stone Fort National Bank is a corporation whose domicile is in Nacogdoches County, Texas. The venue of this suit must therefore be changed to Nacogdoches County, unless it can be said that appellee alleged and proved a cause of action, or some part thereof, which arose in Randall County.

■ It is elementary that the making and acceptance of an ordinary or general deposit of money or its equivalent in a bank creates, as between the bank and the depositor, the simple relation of debtor and creditor. The title to the money passes to the bank, and the bank impliedly contracts with the depositor that it will repay such money on the written check or order of the depositor,—not at any place, but only at the bank. 6 Texas Jur., p. 224 et seq., and authorities there cited.

In the case at bar the record shows that the entire transaction by which appellee became an ordinary or general depositor in appellant occurred or arose in Nacogdoches County. After the deposit was made, appellee gave checks to a bank in Randall County. Appellant took no part in that transaction. The Randall County bank, which was selected by appellee and which had no authority to act for appellant, presented such checks to appellant for payment. These presentations were made in Nacogdoches County, and payment was there refused by appellant. It is thus evident that all transactions with which appellant had any connection occurred or arose exclusively in Nacogdoches County, and not, in whole or in part, in Randall County, where this suit was filed.

■ The provision of exception 23 of Art. 1995, supra, which permits "a private corporation, association or joint stock company" to be sued "in any county in which the cause of action, or any part thereof arose," means that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought. Graves v. McCollum & Lewis (Civ. App.), 193 S. W., 217; Guinn v. Texas Drug Co. (Civ. App.), 219 S. W., 507; Pittman & Harrison Co. v. Shook (Civ. App.), 228 S. W., 993; Texas Seed & Floral Co. v. Schnoutze (Civ. App.), 209 S. W., 495; 67 C. J., 94.

In this connection we quote the following from 67 C. J., supra:

"* * * A cause of action, within the meaning of such statutes, has been said to consist of a duty on the part of one toward another and the violation or breach of that duty, or of plaintiff's primary right and the act or omission of defendant. It may consist of one or more essential facts which plaintiff must show to make out his case and which may be severable. It arises when that is not done which ought to have been done; or that is done which ought not to have been done. * * *"

■ If we properly interpret the opinion of the Court of Civil Appeals, it, in effect, holds that the provisions of exception 23 of Art. 1995, supra, which permit private corporations, etc., to be sued in any county "in which the cause of action or any part thereof arose," makes it permissible to maintain an action for damages against a private corporation in any county where the plaintiff suffers damages, notwithstanding the fact that the corporation has taken no part in any transaction producing such damages in the county where the suit is brought. In support of its holding the Court of Civil Appeals cites Phillio v. Blythe, 12 Texas, 124. We think the opinion in the Phillio Case, when read as a whole and construed in the light of the facts there decided, supports our ruling in the case at bar. We here quote the following excerpt from the opinion in the Phillio Case:

"* * * It may be admitted that the terms cause of action are sometimes used in a more limited sense, and that where the cause is founded on a contract, the contract itself is denominated the cause of action; but more frequently, and where the terms are used with more precision and accuracy, the terms

embrace a much wider scope, and include not only the contract, but its performance, if executory, and also the breach of such contract. * * *"

Under the record before us, if appellee has any right of action against appellant within the meaning of the part of exception 23, supra, under consideration, it consists of two elements, both of which arose entirely in Nacogdoches County, viz.: His primary right which arose out of the transaction by which he became an ordinary or general depositor in appellant bank, and appellant's violation of that primary right by its refusal to pay the checks drawn against that deposit. Both the transaction creating the primary right and the transaction constituting the violation of that right occurred wholly in Nacogdoches County. It follows that within the meaning of that part of exception 23, supra, under consideration, no part of appellee's cause of action arose in Randall County, or anywhere outside of Nacogdoches County.

The question certified is answered, "Yes."

Finally we wish to say that we do not want to be understood as even intimating that appellee has plead a cause of action against appellant except for the money deposited.

Opinion delivered February 12, 1936.