Scarborough, Yates, Scarborough & Black, Abilene, for appellants.

McMahon, Springer, Smart & Walter, Abilene, for appellee.

**McDANIEL et al.**

v.

**FAIRBANKS SCALES CO.**

No. 3090.

Court of Civil Appeals of Texas.

Eastland.

May 7, 1954.

GRISSOM, Chief Justice.

Abilene Livestock Auction Commission sued Fairbanks Scales Company for damages. Before the trial the plaintiff corporation was dissolved and all of its assets were acquired by Bob H. McDaniel and Craymer Reynolds, who were substituted as plaintiffs. Plaintiffs alleged that said auction company purchased from defendant a set of scales for the purpose of weighing livestock at said auction; that defendant represented that they built accurate scales that would record the accurate weight and make the correct computations; that the scales were installed under the direction of defendant and were delivered to said Commission Company in Abilene; that the scales furnished by defendant were defective and failed to register and weigh correctly and said failure occurred in Taylor County; that defendant represented the scales were fit for the use for which they were sold and warranted; that they would accurately do the work for which they were bought but that they did not accurately weigh nor compute the prices thereof; that during the months of April, May and June, 1951, the scales did not function correctly and it was necessary for the Commission Company to refund to its customers.

$2,700 caused by mistakes due to the defective condition of the scales.

Defendant filed a plea of privilege which was controverted by the plaintiffs; the petition was adopted as a part of the controverting plea and plaintiff alleged the cause of action alleged in the petition arose in Taylor County; that defendant was a corporation and the suit was maintainable in Taylor County under Exception 23, Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 23. Upon a hearing, the court sustained the plea of privilege and ordered the case transferred to Dallas County. McDaniel and Reynolds have appealed.

There are no findings of fact or conclusions of law. We must presume the trial court found all disputed facts necessary to support the judgment against appellants. The evidence showed that the Commission Company bought the recording device, which was claimed to be defective, from C. C. Allen Scales Service of Dallas; that said company obtained said device from Fairbanks Scales Company for the Commission Company and directed Fairbanks to send it C.O.D. to said Commission Company at Abilene; that it was shipped by Fairbanks C.O.D. by motor freight, to the Commission Company at Abilene; that the Commission Company notified Allen Scales Company the device had arrived and that Mr. Allen of said company came out and installed it. In Linde Air Products Co. v. Page, Tex.Civ.App., 131 S.W.2d 1057, approved by the Supreme Court in Page v. Bond, 134 Tex. 90, 132 S.W.2d 579, it was held that title to property shipped C.O.D. passed to the buyer on delivery of the property to the carrier.

In Hendrix v. Everett, Tex.Civ.App., 214 S.W.2d 667, 669, plaintiff buyer bought an air compressor in Bexar County. It was shipped by the seller C.O.D. to the buyer in Travis County, with a tag attached stating the unit had been drained. Water had been put in the radiator by the seller in Bexar County. Thereafter, water froze in the compressor, while it was stored by the buyer in Travis County, and the compressor was damaged. Suit for damages was filed by the buyer in Travis County. The buyer alleged the cause of action arose in Travis County and the suit was maintainable there under Exception 23, Article 1995. It was held that title passed to the buyer when the machine was delivered to the transportation company in Bexar County to be shipped C.O.D. to the buyer in Travis County and that no part of the buyer's cause of action arose in Bexar County.

In Guinn v. Texas Drug Co., Tex.Civ. App., 219 S.W. 507, a druggist in Kaufman County ordered elixir from a drug company in Dallas. The seller, in good faith, delivered what he supposed was elixir to a carrier in Dallas County for transportation to Kaufman County. The supposed elixir was drunk by the buyer in Kaufman County. He brought suit there for breach of contract and for damages for injuries caused by drinking the supposed elixir in Kaufman County. It was held that the contract of sale was consummated in Dallas County and the breach thereof occurred in Dallas County and the fact that the plaintiff drank the liquid in Kaufman County and was thereby injured did not give him a cause of action in Kaufman County.

In Texas Seed & Floral Co. v. Schnoutze, Tex.Civ.App., 209 S.W. 495, a buyer in Kaufman County ordered broom corn from said seed company in Dallas County. The seed was sent by common carrier C.O.D. to the purchaser in Kaufman County. The seed was planted in Kaufman County and proved to be cane seed. It was held that the title in the C.O.D. shipment passed to the purchaser on delivery of the seed to the carrier and that the buyer's cause of action arose in Dallas County. The following decisions are to the same effect: Pittman & Harrison Co. v. Shook, Tex.Civ. App., 228 S.W. 993, 994; Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674.

To maintain the suit in Taylor County, the burden was on appellants to both allege and prove a cause of action against the defendant and that it arose, at least in part, in Taylor County. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172,

229 S.W.2d 605, 606; A. H. Belo Corporation v. Blanton, Tex.Civ.App., 126 S.W.2d 1015, 1024; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 621.

Plaintiffs had the burden of proving the essential venue facts by a preponderance of the evidence. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95.

The evidence showed that plaintiffs' cause of action against Fairbanks Scales Company, if any, arose in Dallas County.

The judgment is affirmed.