**TEAGUE BRICK SALES COMPANY,**
Appellant,

v.

**Richard K. DEWEY, Appellee.**

No. 7104.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 19, 1962.

Rehearing Denied March 26, 1962.

Mixson & Haley, Waco, W. A. Keils, Jr., Teague, for appellant.

Folley, Snodgrass & Calhoun, Amarillo, Richard S. Morris, Claude, for appellee.

NORTHCUTT, Justice.

This is a plea of privilege case from the District Court of Armstrong County, Texas. Appellant, defendant below, filed plea of privilege to move said case to Freestone County. Plaintiff filed controverting plea claiming venue in Armstrong County under Subsec. 23, Art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 23 upon the theory that plaintiff's cause of action, or a part thereof, against defendant corporation, arose in Armstrong County. The trial court overruled defendant's plea of privilege and defendant appealed. The appellant presents this appeal upon four assignments of error. It is contended by appellant's first point of error that the appellee, plaintiff below, failed to prove by a preponderance of the evidence that he had a cause of action against the appellant. The pleadings may not be as complete as they should have been but we think they are sufficient to show that appellant sold the brick in question and that they were defective and unfit for use in such resident building in that they crumbled and chipped where exposed to the weather and were unsound. There were several pictures introduced showing the condition of the brick used in the residence. The appellee testified the brick deteriorated badly and he thought it would be necessary to completely replace them. The appellant wrote a letter to the appellee, which was introduced in evidence, stating it had been brought to their attention by their distributor that appellee was having trouble with the brick appellant manufactured. Appellant contended under appellee's pleadings that appellee was required to prove in order to show a cause of action in the venue hearing (1) that appellant sold the brick; (2) that appellant warranted the brick to be sound, fit, and proper for the use which appellee desired to make of them; (3) that appellant breached the warranty in some way; (4)

that appellee was damaged. There is no question but what appellant was a corporation and sold the brick in question. Since the pictures showed the condition of the brick, and appellee testified the brick deteriorated badly and he thought it would be necessary to completely replace them, we think this is sufficient to show appellee was damaged. It was not necessary for appellee to show the amount of his damages. We think this evidence shows a breach of warranty, if in fact there was a warranty. Since there is no expressed warranty shown, we will only consider if there was an implied warranty.

A manufacturer from whom an article is purchased impliedly warrants that such article is reasonably fitted for and will reasonably perform the services for which it was manufactured and sold. Oil Well Supply Co. v. Texanna Production Co. et al., Tex.Civ.App., 265 S.W. 203 (Writ Dismissed); Johnson v. Agricultural Bond & Credit Corporation, Tex.Civ.App., 114 S.W. 2d 385; Price v. Advance-Rumley Thresher Co., Tex.Civ.App., 264 S.W. 113; Turner & Clayton Inc. v. Shackelford, 288 S.W. 815, by the Com. of App. We believe there is sufficient evidence to show an implied warranty that the brick were suitable for such intended purpose. Appellant's first point of error is overruled.

The appellee was not damaged until and unless the brick began to crumble and chip after being placed in the walls around the house as pleaded. If the bricks were so damaged, as alleged, it happened in Armstrong County and would show that appellee's cause of action, or a part thereof, arose in Armstrong County. Appellant's second point is overruled where it is contended appellee failed to show the cause of action, or part thereof, arose in Armstrong County.

By appellant's third point it is contended appellee's controverting plea does not allege that his cause of action, or part thereof, if any, arose in Armstrong County,

Texas. The controverted plea sets out the suit was brought in Armstrong County, Texas, the county in which the cause of action, or a part thereof, arose under the authority of Subdivision 23 of Art. 1995, R.C.S. of the State of Texas. Appellant's third point is overruled.

Appellant's fourth point contends appellee's affidavit, attached to his controverting plea, is insufficient to put venue in issue. The point does not state why the affidavit is insufficient but appellant argues that neither in the body of the controverting plea, nor in appellant's jurat does appellee unequivocally state that the facts in appellee's petition are true and correct.

In appellee's controverting plea he pleads that appellant's plea is incorrect and should be overruled for the following reason, to wit: "that as is fully shown in plaintiff's original petition, which is herein adopted and made a part therof as though fully copied herein . . ." Then in the same controverting plea pleads the cause of action, or a part thereof, arose in Armstrong County, Texas under Subdivision 23 of Art. 1995. The attorney then swore to the plea and stated he had read the controverting plea of privilege, and was familiar with the facts stated therein and that the facts were true in substance and in fact.

In the case of A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, by the Supreme Court, and relied upon by appellant, it is stated:

"The statute specifically requires that a controverting affidavit to a plea of privilege must be verified. The controverting affidavit filed in this case referred to the petition 'for the purpose of showing that this is a civil libel suit,' and it does not appear that it was the purpose in referring to such petition, as was done, to unreservedly swear to the allegations contained therein. To meet the requirement of the statute, it was necessary for the controverting plea to unmistakably al-

lege that the party who swore to such plea made the petition a part thereof, and thereby swore to the essential facts embodied in the entire petition. The statement made by plaintiff in his controverting plea, wherein he refers to his original petition 'for the purpose of showing that this is a civil libel suit,' and that he was a resident of Taylor County 'at the time of the accrual of said cause of action,' is not a sufficient compliance with the rule to defeat the plea of privilege as prescribed by Article 2007. See also Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300."

In that case the court in answering the question involved held:

"Article 2007, which provides that the controverting affidavit to a plea of privilege shall set out 'specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending,' as applicable to a 'suit for damages for libel' as provided for in Subdivision 29 of Article 1995, is not sufficiently complied with by allegations in the controverting affidavit that the action 'is a civil libel suit' and that plaintiff was a resident of the county in which the suit was filed 'at the time of accrual of said cause of action'; and it is necessary, in order to comply with Article 2007, that said controverting affidavit, either directly or by reference to an adoption of allegations in plaintiff's petition, allege as venue facts the essential elements of the alleged cause of action."

See also Cogdell et al. v. Martin et al., Tex.Civ.App., 176 S.W.2d 982, where it is stated:

"The affidavit attached to the controverting plea, among other things, reads: '* * * upon his oath says that the above and foregoing plea controverting the defendants' plea of priv-

ilege is true in substance and in fact.' Since the petition was made a part of the controverting affidavit, affiant swore to the whole plea. This is all that is required by the law."

Appellant's fourth point is overruled. We believe the appellee has sufficiently pleaded and shown facts that he had a cause of action and that the cause of action, or a part thereof, arose in Armstrong County. Judgment of the trial court is affirmed.