**BEN GRIFFIN TRACTOR COMPANY,**
**Appellant,**

v.

**John O. GARZA, Appellee.**

**No. 17438.**

Court of Civil Appeals of Texas,
Fort Worth.

June 22, 1973.

Rehearing Denied July 20, 1973.

Brown, Herman, Scott, Dean & Miles, and Beale Dean, and J. Shelby Sharpe, Fort Worth, for appellant.

Crumley, Murphy & Shrull, and W. M. Murphy, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a venue case.

Ed P. Williams, Jr., instituted a suit against the appellee, John O. Garza, for injuries allegedly sustained when his automobile collided with a wheel that had sheared off of a trailer being pulled by the appellee. The collision occurred on the West Freeway in the City of Fort Worth, Tarrant County, Texas, on the morning of July 22, 1971.

A third party complaint was filed by the appellee, Garza, against the appellant, Tractor Company, in the above cause initiated by Williams. In that cause appellee entered his appearance and denied any liability to Williams for the occurrence in question. The same denial was made by the appellee in the third party complaint filed against the appellant, Tractor Company. By his third party complaint Garza seeks indemnity or alternatively contribution from the appellant from whom he had purchased the trailer that the wheel had sheared off of.

The appellant timely filed its Plea of Privilege which was controverted by the appellee and overruled by the trial court.

By a single point of error it is urged that the trial court erred in overruling appellant's Plea of Privilege to have the cause transferred to Dallas County, Texas, since appellee failed to discharge his burden of pleading and proving an exception to appellant's exclusive right to be sued in the county of its residence.

The appellee, Garza, in his third party complaint against the appellant fails to assert that (1) he has been damaged as the result of any dealings he has had with the appellant; (2) a judgment has been taken against him based upon any cause of action arising out of any transaction between him and the appellant; and (3) to allege any cause of action against the appellant independent of the cause asserted against the appellee by Williams.

In his controverting plea the appellee alleged that venue is properly maintainable in Tarrant County, Texas, under Sections 23, 9a and 5 of Article 1995, Vernon's Ann. Tex.Civ.St. He later, in his brief, abandoned any reliance on Sections 5 and 9a of Article 1995, supra, and now relies solely upon Subsection 23.

It is undisputed that the appellant at the time of. (1) institution of this litigation, (2) service of process herein, (3) filing its plea of privilege and at all times in connection with all matters pending in Cause No. 17–14215–72 (suit filed by Williams) was a resident of Dallas County, Texas, with its principal office and place of business at 5220 Harry Hines Boulevard, Dallas, Texas.

Appellee testified that he bought the trailer in question from appellant in Dallas and that appellant delivered the trailer to appellee in Dallas County. The agreement to acquire the trailer was consummated at appellant's office located on Harry Hines Boulevard in Dallas County. All of the dealings between appellant and appellee occurred in Dallas County. Nothing transpired between the parties in Tarrant County concerning the sale of the trailer. The appellee lives in Dallas County.

Appellee testified that he knew appellant did not design nor manufacture the trailer, and that it was designed and manufactured by another company, which he has since learned was Belshe Trailers. He also testified that the only thing appellant had to do with the trailer was to sell it to him.

We find no evidence in this record (1) that appellee has acquired a cause of action in Tarrant County against appellant; (2) that any contract was ever entered into with appellee in Tarrant County or that any contract entered into between appellant

and appellee was performable in Tarrant County, or (3) that appellant had any agent or representative in Tarrant County.

The determinative issue is whether or not appellee pleaded and proved his right to bring these proceedings in Tarrant County under Subdivision 23 of Article 1995, V.A.T.S. Rule 86, Texas Rules of Civil Procedure. Unless appellee has discharged his burden of pleading and proof under Subdivision 23, the venue of these proceedings must be changed to appellant's home county of Dallas. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676 (1936).

The language of Subdivision 23 of Article 1995 provides that, ". . . *Suits against a private corporation,* association, or joint stock company *may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county,* or, if the corporation, association, or joint stock company had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, association or joint stock company then had an agency or representative." (Emphasis ours.)

Appellee seeks to bring these proceedings under the authority of the language declaring venue in "the county in which the cause of action or part thereof arose." Asserting a cause of action in the county in which he resides and in which the corporation has an agency or representative would fix venue in Dallas County.

On March 7, 1973, the Supreme Court in Employers Casualty Co. v. Clark et ux., 491 S.W.2d 661 handed down a per curiam opinion restating the proposition that for venue to be maintained under Subdivision 23 of Article 1995, V.A.T.S., the plaintiff must plead and prove, by a preponderance of the evidence, all elements of the cause of action.

The venue facts under Subdivision 23 to establish a "cause of action" consist of the following as outlined in 1 McDonald, Texas Civil Practice 518, § 4.30.2, to-wit:

". . . (a) the plaintiff's 'primary right,' i. e., the defendant's duty, also often called the 'genesis of the right,' and (b) the defendant's act or omission which violates such right."

See also Stone Fort Nat. Bank of Nacogdoches v. Forbess, supra; McDaniel v. Fairbanks Scales Co., 268 S.W.2d 235 (Eastland Tex.Civ.App., 1954, no writ hist.); Graves v. McCollum & Lewis, 193 S.W. 217 (Fort Worth Tex.Civ.App., 1917, no writ hist.).

In McDaniel, the plaintiff, a resident of Taylor County, brought suit in that County against a defendant corporation for breach of warranty of fitness on some scales to be used in the weighing of cattle. The scales were sold to the plaintiff in Dallas. The record reflected that the defendant company knew the scales were to be used in Taylor County and that the plaintiff was damaged as the result of the scales failing to properly weigh cattle in Taylor County. The court held that plaintiff's cause of action, if any, arose in Dallas County.

Appellant contends that the McDaniel case and the authorities discussed therein support his position. We disagree. In 1 McDonald, Texas Civil Practice 521, § 4.-30.2, it is said that, "For venue purposes damages are not ordinarily considered a part of the cause of action, and usually it is not sufficient to show merely that the plaintiff sustained damage in the county of suit, where the genesis and the breach of the right occurred elsewhere." In the instant case if appellant had a duty or duties

**72**

as pleaded by appellee, and if appellant failed to discharge its duty or duties, all of these matters occurred in Dallas County.

In Graves v. McCollum & Lewis, supra, the court said that, " 'For the purposes of venue, . . . the "cause of action" may by regarded as composed of two elements, the primary right of plaintiff and the act or omission on the part of the defendant without which there would be no cause of action or right of recovery against him. If the elements are both found in one county, the entire cause arose there, and the fact that the measure of plaintiff's damage requires evidence of a matter arising in another county is without effect in determining the place where the cause arose." In Graves, the court had before it a suit which had been filed in Comanche County. Plaintiff had purchased cattle from defendant in Fort Worth and paid for them with a check drawn on a Comanche County bank. The cattle were delivered to the plaintiff in Fort Worth. When plaintiff returned to Comanche County, many of the cattle died and others became quite ill. The court held that the cause of action arose in Tarrant County, and overruled the trial court's action sustaining venue in Comanche County because it was of no consequence that you had to look to another county in order to determine the extent of damages.

The trial court's decision in overruling appellant's plea of privilege cannot stand on the authority of Subdivision 23 of Article 1995, V.A.T.S., in light of the above authorities and the record before this Court.

We find and hold that the appellee failed to sustain his burden of pleading and proving his right to maintain venue in Tarrant County, Texas, under Subdivision 23.

Appellant's point of error is sustained. The judgment of the trial court is reversed. The cause is remanded to the trial court with instructions to transfer same to Dallas County, Texas.