HADEN COMPANY, INC., Petitioner,

v.

JOHNS–MANVILLE SALES
CORPORATION,
Respondent.

No. B–6486.

Supreme Court of Texas.

March 9, 1977.

Rehearing Denied April 20, 1977.

Vial, Hamilton, Koch, Tubb, Knox & Stradly, James H. Baumgartner, Dallas, for petitioner.

Coke & Coke, Thomas W. Craddock, Dallas, for respondent.

PER CURIAM.

This is a venue case. Haden Company sued Johns-Manville Sales Corporation in Wichita County, alleging breach of implied warranty of fitness on asbestos panels sold to Haden Company by Johns-Manville. The asbestos panels, which were ordered, paid for, and delivered to Haden Company in Dallas County, proved unsatisfactory after they were installed by Haden Company in a Wichita County hospital. Johns-Manville, an Illinois corporation, filed its plea of privilege to be sued in Dallas County, where its principal office is situated. The trial judge overruled the plea of privilege, relying upon subdivision 27 of Article 1995. Subdivision 27 provides that venue as against a foreign corporation may be maintained "in any county where the cause of action or a part thereof accrued." The court of civil appeals reversed, holding that the only "portion" of Haden Company's cause of action which "accrued" in Wichita County was the sustentation of damages by Haden Company, and that damages alone is not a "part of the cause of action" within the meaning of subdivision 27. 543 S.W.2d 415.

This Court has jurisdiction because of a conflict between the court of civil appeals' decision in the present case and the holding in *Teague Brick Sales Company v. Dewey*, 355 S.W.2d 249 (Tex.Civ.App.—Amarillo 1962, no writ). In that case venue was held proper in the county in which bricks manufactured by defendant "began to crumble and chip" after being placed in plaintiff's home.

We agree with the holding in the present case. In accordance with Rule 483, Texas Rules of Civil Procedure, the application for writ of error is refused, no reversible error.