**LUBBOCK MANUFACTURING COMPANY, Petitioner,**

v.

**William SAMES, III, Administrator et al., Respondents.**

**No. B–8182.**

Supreme Court of Texas.

April 9, 1980.

Rehearing Denied May 21, 1980.

Groce, Locke & Hebdon, Damon Ball and Thomas H. Crofts, Jr., San Antonio, for petitioner.

Spivey & Grigg, Broadus A. Spivey and J. Patrick Hazel, Austin, for respondents.

## MOTION FOR REHEARING

CAMPBELL, Justice.

The opinions of the Court delivered October 17, 1979 and the judgment based thereon are withdrawn. The following is now the opinion of the Court.

This is a venue appeal in a suit brought by the administrator of the estate of the deceased driver to recover damages under the Texas Wrongful Death Act, Art. 4671, et seq.,[1] from the manufacturer of a liquified petroleum gas tank-trailer defective design. The principal question presented is whether the single fact that the accident occurred in the county of suit is sufficient to maintain venue against the non-resident manufacturer under Art. 1995, subd. 23. The trial court overruled petitioner's plea of privilege and the Court of Civil Appeals, with one justice dissenting, affirmed. 575 S.W.2d 588. We affirm the judgments of the lower courts.

On April 29, 1975, in Maverick County, Jesus Verduzco was driving a tractor-trailer belonging to his employer, Surtigas, S.A. The tank-trailer which was loaded with liquified petroleum gas became disengaged from the fifth wheel of the tractor, overturned, skidded a number of feet, and violently exploded after striking a concrete headwall. Verduzco as well as a number of bystanders in the vicinity were killed and others were seriously injured. Numerous lawsuits were filed on behalf of these persons or their survivors against Surtigas, the owner and operator of the tractor-trailer; Lubbock Manufacturing Company (Lubbock), the manufacturer of the tank-trailer; Fontaine Truck Equipment Company, Inc., the manufacturer of the fifth wheel; Inter-

1. All statutory references are to the Texas Revised Civil Statutes Annotated.

national Harvester Company, Laredo Diesel, Inc., and Modern Machine Shop, Inc., who allegedly played some part in the sale or installation of the fifth wheel. The appeal before us relates only to the cause of action filed by respondent on behalf of the survivors of Jesus Verduzco and concerns only the question of venue as it relates to Lubbock Manufacturing Company.

Lubbock Manufacturing Company is a Texas corporation whose principal place of business is Lubbock County. The tank-trailer in question was manufactured and sold by Lubbock Manufacturing Company in 1965 and was used extensively thereafter by its respective owners until this tragic accident. It is not contended by the respondent that Lubbock Manufacturing Company had any relationship to Maverick County. Specifically, it is not contended that the tank-trailer in question was designed, manufactured or sold in Maverick County. The Court of Civil Appeals held, without citation of controlling precedent, that venue is maintainable in Maverick County under Art. 1995, subd. 23 because this is where the accident occurred.

Subd. 23 of Art. 1995 specifically provides for venue in a suit against a private corporation "in the county in which the cause of action or part thereof arose." Subject to an exception as to the form of submission declared by this Court in *Turner v. General Motors Corporation*, 584 S.W.2d 844 (Tex. 1979), a cause of action for strict liability in tort is governed in this State by § 402A of the RESTATEMENT (2ND) OF TORTS, *Armstrong Rubber Company v. Urquidez*, 570 S.W.2d 374 (Tex.1978), *General Motors Corp. v. Simmons*, 558 S.W.2d 855 (Tex. 1972). The cause of action is defined by § 402A as follows:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold . . . .."

In accordance with this definition, we have specifically held that a cause of action for strict liability in tort does not exist unless there is actual physical harm to person or property, and that there is no cause of action for strict liability in tort for an economic loss only, *Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77 (Tex. 1977). Thus, we can see no room for questioning the certain fact that *a part of* a cause of action for strict liability in tort arises when and where actual physical harm to person or property occurs.

The decisions relied on by Lubbock Manufacturing Company involve causes of action in which none of the necessary elements occurred in the county of suit. In each case, plaintiff alleged a cause of action that was complete and mature, entitling him to nominal damages in vindication of a right, regardless of whether he later was able to prove actual damages. In such instance, it is obvious that whether he suffered any actual damages or the extent thereof would not constitute a part of his cause of action in the venue sense.

For example, a car with a defectively designed parking brake rolls down a hill across a county line and stops just inches away from a parked car. Because there has been no harm to his property, the owner of the parked car would have no cause of action. On the other hand, if the rolling car strikes the parked car, the owner would have a cause of action since his property has been harmed. How can it be said that a part of his cause of action did not arise in the county where the car was struck? However, if the owner had the car repaired in a third county, his damages for the repairs in the third county would not be a part of his cause of action and venue could not be maintained in the third county under subd. 23.

This is all that is held by the following decisions relied on by Lubbock Manufacturing Company: In *Stone Fort Nat. Bank of*

*Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674 (1936), the plaintiff deposited money in a bank in Nacogdoches County with the bank impliedly agreeing to honor any check in the amount presented to the bank in Nacogdoches County and the bank thereafter was alleged to have failed to honor a check given by plaintiff to a bank in Randall County. This Court correctly held that the bank in Randall County was merely plaintiff's agent to present the check for payment at the defendant bank in Nacogdoches County, that the implied contract was thus made and breached solely in Nacogdoches County, that this established a complete cause of action with all parts thereof arising in Nacogdoches County, and that plaintiff's loss of profits because the failure to pay the checks prevented him from thereafter making certain business deals in Randall County would not support venue in Randall County. *Haden Company, Inc. v. Johns-Manville Sales Corporation*, 553 S.W.2d 759 (Tex.1977) and *Teague Brick Sales Company v. Dewey*, 355 S.W.2d 249 (Tex.Civ.App.—Amarillo 1962, no writ) were both suits on an implied warranty made and breached by sale and delivery in one county of unfit building material which was installed in a different county where its unfitness was discovered by plaintiff. This Court in the *Haden Company* case held that damages alone are not a "part of the cause of action" under such facts. Likewise, *Burrows v. Texas Kenworth Company*, 554 S.W.2d 300 (Tex.Civ.App.—Tyler 1977, writ dism'd w. o. j.), *American Quarter Horse Association v. Rose*, 525 S.W.2d 227 (Tex.Civ.App.—Fort Worth, 1975, no writ), and *Ben Griffin Tractor Company v. Garza*, 497 S.W.2d 69 (Tex.Civ.App.—Fort Worth 1973, no writ) were suits for breach of a contractual obligation where both the making and breach of the contractual obligation occurred in the county to which the defendants sought transfer. In *Pesek v. Murrel's Welding Works, Inc.*, 558 S.W.2d 39 (Tex.Civ.App.—San Antonio, 1977, writ dism'd w. o. j.), the trial court found against the plaintiff as to every element of his alleged cause of action in strict liability in tort. The plaintiff failed to prove his cause of action, therefore the plea of privilege was properly granted.

All of these decisions involved a breach of a contractual obligation where mere proof of the making and breach fully proved plaintiff's cause of action for which he was entitled to recover at least nominal damages, regardless of whether actual damages were proved. *Atomic Fuel Extraction Corporation v. Estate of Slick*, 386 S.W.2d 180 (Tex.Civ.App.—San Antonio) *writ ref'd n. r. e. per curiam*, 403 S.W.2d 784 (Tex.1965); *Huntington Corporation v. Inwood Construction Company*, 472 S.W.2d 804 (Tex. Civ.App.—Dallas 1971, writ ref'd n. r. e.); *Hyatt v. Tate*, 505 S.W.2d 373 (Tex.Civ.App. —Houston [1st Dist.] 1974, no writ).

■ The distinction between the above cases and this case is that the creation of a contractual obligation to the plaintiff and its breach completely established a violation of a legal right of plaintiff, whereas, in an action in strict liability in tort a legal right of plaintiff is not violated unless there is physical harm to his person or property.

The actual holding of the decisions relied on by Lubbock Manufacturing Company is summarized by the statement in *Ben Griffin Tractor Company, supra*, and *Graves v. McCollum & Lewis*, 193 S.W. 217 (Tex.Civ. App.—Fort Worth 1917, no writ), that if a cause of action wholly arises in one county, then as to the applicability of subd. 23 of Art. 1995, it is of no consequence that you have to look to another county in order to determine the extent of damages.

■ Allegation and proof of actual physical harm to person or property being essential to the establishment of a cause of action under the doctrine of strict liability in tort, a part of plaintiff's alleged cause of action arose in Maverick County and the judgments of the trial court and Court of Civil Appeals maintaining venue in Maverick County under subd. 23 of Art. 1995 should be affirmed, there being some evi-

dence to support the implied findings of the trial court.

 Under the no evidence test[2] there is more than a scintilla of evidence to support the implied finding of the trial court that the butane tank-trailer was improperly designed. Although controverted, two expert witnesses testified that the center of gravity was too high, making the tank-trailer unreasonably dangerous.

The Motion for Rehearing filed on behalf of William Sames, III, Administrator, et al., is granted. The opinion of the Court delivered October 17, 1979 and the judgment based thereon are withdrawn and set aside. The judgments of the courts below are affirmed.

Concurring opinion by BARROW, J.

GARWOOD, J., not sitting.

BARROW, Justice, concurring on motion for rehearing.

I agree with the opinion on rehearing. In a suit brought to recover damages under Section 402A, Restatement (Second) of Torts, the place of physical harm is a part of the cause of action within the meaning of Article 1995, Subdivision 23 and Subdivision 27, Texas Revised Civil Statutes Annotated. Therefore, venue was properly sustained against Lubbock Manufacturing Company in Maverick County where the defectively designed tank-trailer overturned and exploded and the deceased driver sustained physical harm.

---

**2.** *Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102 (Tex.1979).