Graciela **GOMEZ DE HERNANDEZ,** et al., Appellants,

v.

**NEW TEXAS AUTO AUCTION SERVICES, L.P., d/b/a Big H Auto Auction,** Appellee.

No. 13–03–728–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

April 6, 2006.

Rehearing Overruled En Banc May 18, 2006.

Steve T. Hastings, The Hastings Law Firm, Corpus Christi, Rebecca E. Hamilton, Dallas, Michael A. Caddell, Caddell & Chapman, Houston, for appellants.

Roger W. Hughes, Scott T. Clark, Adams & Graham, Harlingen, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

### OPINION[1]

Opinion by Justice RODRIGUEZ.

This appeal arises from a summary judgment granted in favor of appellee, New Texas Auto Auction Services, L.P., d/b/a Big H Auto Auction, in a products liability action. By five issues, appellants, Graciela Gomez de Hernandez, individually, as personal representative of the estate of Jose Angel Hernandez Gonzales, and as next friend of her children, Jose Angel Hernandez Gomez and Elizabeth Hernandez Gomez, Victor Manuel Maldonado Castanon, Pedro Alfonso Castillo Cardenas, Jacinto Loyde Frayde, Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez, and Juan Lorenzo Gutierrez Hernandez, contend the trial court erred in granting summary judgment on any of the grounds urged in appellee's motion for summary judgment, including that (1) appellee was an intermediate seller not subject to liability, (2) auctioneers have no liability for auctioning defective products, (3) appellee complied with the applicable standard of care for auction houses as a matter of law, (4) appellants were required to tender expert evidence on the applicable standard of care, and (5) appellee owed no duty to warn of the defects at issue because they were generally known to foreseeable users. We reverse and remand.

### I. Background

Graciela Gomez de Hernandez, individually, as personal representative of the estate of her husband Jose Angel Hernandez Gonzales, and as next friend of her children, Jose Angel Hernandez Gomez and Elizabeth Hernandez Gomez, Arely Hernandez, Olvido Hernandez, and Juan

---

1. On June 16, 2005, we granted appellants' motion to consolidate this appeal, cause number 13–03–00728–CV, with cause number 13–04–00412–CV. However, due to the nature of the cases, two opinions will be handed down. For the text of the second opinion, see *Graciela Gomez de Hernandez, Individually, as Personal Representative of the Estate of Jose Angel Hernandez Gonzales, and as Next Friend of Her Children, Jose Angel Hernandez Gomez and Elizabeth Hernandez Gomez, Victor Manu-* *el Maldonado Castanon, Pedro Alfonso Castillo Cardenas, Jacinto Loyde Frayde, Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez, and Juan Lorenzo Gutierrez Hernandez v. Bridgestone/Firestone North American Tire, L.L.C., f/k/a Bridgestone/Firestone, Inc., Ford Motor Company, Houston Auto Auction, Inc., and Eleazar Perez d/b/a Progresso Motors,* No. 13–04–00412–CV, —— S.W.3d ——, 2006 WL 871007, 2006 Tex.App. LEXIS —— (Tex.App.-Corpus Christi Apr.6, 2006, no pet. h.).

Hernandez[2] filed the underlying products liability suit against Bridgestone Corporation, Bridgestone/Firestone North American Tire, L.L.C., f/k/a Bridgestone/Firestone, Inc., Ford Motor Company, New Texas Auto Auction Services, L.P., d/b/a Big H Auto Auction, Houston Auto Auction, Inc., (HAA) and Eleazar Perez d/b/a Progresso Motors (PM), asserting multiple theories of products liability. Victor Manuel Maldonado Castanon, Pedro Alfonso Castillo Cardenas, Jacinto Loyde Frayde, Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez, and Juan Lorenzo Gutierrez Hernandez intervened in the lawsuit as plaintiffs. *See* Tex.R. Civ. P. 60.

Plaintiffs alleged that defendants were responsible for the death of Jose Angel Hernandez Gonzalez, who died in an automobile accident on August 12, 2001. Gonzalez, at the time of the accident, was driving a 1993 Ford Explorer equipped with Firestone ATX tires. Plaintiffs asserted that one of the vehicle's tires failed and that the failure of the tire caused Gonzalez to lose control of the vehicle, resulting in the rollover of the vehicle and his death.

Gonzalez purchased the Ford Explorer from defendant PM on October 28, 2000. PM obtained the vehicle in question from defendant HAA on October 25, 2000. HAA bought the vehicle from appellee on October 17, 2000. At the time that HAA purchased the vehicle from appellee, appellee's name appeared on the vehicle's certificate of title as its owner. In the trial court below, appellee filed a motion for summary judgment, which the trial court granted. For purposes of finality, the trial court severed the summary judgment from the underlying lawsuit into cause number C–093–02–F(1).

## II. Motion for Summary Judgment

### A. Standard of Review

A hybrid motion for summary judgment includes traditional and no-evidence summary judgment arguments. *See Young Ref. Corp. v. Pennzoil Co.*, 46 S.W.3d 380, 385 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). We review the granting of a traditional motion for summary judgment de novo. *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex.App.-Corpus Christi 2003, no pet.) (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank–Rio Grande Valley v. Correa*, 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied)). To prevail, the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Id.* (citing Tex.R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991)). Only when the movant meets this burden does the burden shift to the nonmovant to raise a genuine issue of material fact. *See M.D. Anderson Hosp. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curiam); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). In determining whether there is a genuine issue of material fact, evidence favorable to the nonmovant is taken as true, and all reasonable inferences and doubts are resolved in favor of the nonmovant. *Branton*, 100 S.W.3d at 646. A traditional summary judgment is proper if the movant conclusively disproves at least one element of

---

**2.** After plaintiffs perfected their appeal from the trial court's granting of summary judgment, plaintiffs Arely Hernandez, Olvido Hernandez, and Juan Hernandez entered into a confidential settlement agreement with appellee. As a result, the parties to the settlement filed a joint motion to dismiss their appeal as to each other, which we granted under cause number 13–04–00558–CV. Therefore, Arely Hernandez, Olvido Hernandez, and Juan Hernandez are not participants in the present appeal.

each of the plaintiff's causes of action or conclusively establishes each element of an affirmative defense to each of the plaintiff's claims. *Id.; Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995) (per curiam).

In reviewing a no-evidence summary judgment, we apply the same legal sufficiency standard that is applied in reviewing directed verdicts. *Zapata v. Children's Clinic,* 997 S.W.2d 745, 747 (Tex. App.-Corpus Christi 1999, pet. denied). We view the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.* (citing *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997); *Moore v. Kmart Corp.,* 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied)). Unless the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, the trial court must grant a no-evidence summary judgment. *Id.;* TEX.R. CIV. P. 166a(i).

When, as in this case, a trial court's order granting summary judgment does not state the grounds upon which it was granted, the judgment must be affirmed if any of the grounds advanced in the summary judgment motion are meritorious. *Branton,* 100 S.W.3d at 647 (citing *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Boren v. Bullen,* 972 S.W.2d 863, 865 (Tex. App.-Corpus Christi 1998, no pet.)).

## B. The Law of Products Liability

 In a products liability action, the plaintiff may proceed on a theory of strict liability, negligence, misrepresentation, breach of warranty, or on any other theory or combination of theories. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 82.001(2) (Vernon 2005). In the instant case, appellants based their products liability claim against appellee on strict products liability[3] and negligence theories.[4]

### 1. Strict Liability Theory

Texas has adopted section 402A of the Restatement (Second) of Torts with respect to claims for strict products liability. *Firestone Steel Prods. Co. v. Barajas,* 927 S.W.2d 608, 613 (Tex.1996) (citing Restatement (Second) of Torts § 402A (1965); *Lubbock Mfg. Co. v. Sames,* 598 S.W.2d 234, 236 (Tex.1980); *Armstrong Rubber Co. v. Urquidez,* 570 S.W.2d 374, 375–76 (Tex.1978)). Section 402A provides the following:

(1) one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if:

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

RESTATEMENT (SECOND) OF TORTS § 402A (1965).

---

**3.** Appellee, in its reply brief, asserts for the first time that appellants did not plead a products liability action premised on a theory of strict liability. However, appellee's remedy was to raise this issue by special exception in the trial court, which it did not do. *See* TEX.R. CIV. P. 90. Therefore, it is not before us.

**4.** We also note that plaintiffs alleged breach of warranty in their petition. Although plain-tiffs titled that section of their petition "Breach of Warranty by a Manufacturer," the allegations in that section did not include language that limited the claim to the defendant manufacturers. Nevertheless, the breach of warranty claim was not addressed in the motion for summary judgment and has not been raised in this appeal; therefore, it is not before us.

■ In addition, the Texas Supreme Court has held that a defendant does not have to actually sell the product at issue to incur liability; rather, introducing the product into the stream of commerce is sufficient for strict liability to attach. *Firestone Steel Prods. Co.*, 927 S.W.2d at 613. The Texas Legislature has also codified this principle by defining a seller as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof."[5] TEX. CIV. PRAC. & REM.CODE ANN. § 82.001(3) (Vernon 2005). Thus, in order to recover for an injury based on strict products liability, the plaintiff bears the burden of proving that the defendant (1) placed a product in the stream of commerce, (2) that such product was in a defective or unreasonably dangerous condition, and (3) that there was a causal connection between such condition and the plaintiff's injuries or damages. *See* RESTATEMENT (SECOND) OF TORTS § 402A (1965); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 82.001(2) (Vernon 2005); *Firestone Steel Prods. Co.*, 927 S.W.2d at 613; *Houston Lighting & Power Co. v. Reynolds*, 765 S.W.2d 784, 785 (Tex.1988). In addition, when a plaintiff in a products liability suit alleges a design defect, the plaintiff must also prove by a preponderance of the evidence that (1) there was a safer alternative design, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. TEX. CIV. PRAC. & REM.CODE ANN. § 82.005(a) (Vernon 2005).

### 2. Negligence Theory

■ To prevail on a products liability claim based on negligence, a plaintiff must prove (1) a legal duty owed by the defendant, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *See Firestone Steel Prods. Co.*, 927 S.W.2d at 613 (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990)). Whether a duty exists is a question of law. *Id.* (citing *Joseph E. Seagram & Sons v. McGuire*, 814 S.W.2d 385, 387 (Tex.1991); *Greater Houston Transp. Co.*, 801 S.W.2d at 525).

### C. Analysis

#### 1. Strict Liability Theory

■ By their second issue, appellants contend the trial court erred in granting summary judgment if it was based on the ground that auctioneers are not subject to strict liability for auctioning defective products. In its motion for summary judgment, appellee argued that auctioneers are excluded from the definition of "seller," and therefore, are not subject to strict liability. We construe appellee's argument as an attempt to disprove the first element of appellants' strict products liability claim. *See Houston Lighting & Power Co.*, 765 S.W.2d at 785 (providing that the first element in a strict products liability claim requires a plaintiff to prove that the defendant placed a product in the stream of commerce). However, because Texas law does not require the defendant to actually sell the product, but instead requires only that the defendant be re-

---

5. The Texas Legislature has placed limitations on the liability of nonmanufacturing sellers. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 82.003 (Vernon 2005). However, the limitations apply only to causes filed on or after September 1, 2003. *See* Act approved June 11, 2003, 78th Leg., R.S., ch. 204, §§ 5.02, 23.02, 2003 TEX. GEN. LAWS 847, 860–62, 898. Because appellants' claim was filed prior to September 1, 2003, the limitations found in section 82.003 do not apply to this case. *See id.;* TEX. CIV. PRAC. & REM.CODE ANN. § 82.003 (Vernon 2005).

sponsible for introducing the product into the stream of commerce, *See* TEX. CIV. PRAC. & REM.CODE ANN. § 82.001(3) (Vernon 2005); *Firestone Steel Prods. Co.*, 927 S.W.2d at 613, appellee's attempt to characterize an auctioneer as a non-seller does not conclusively disprove the first element of appellants' strict products liability claim.[6] *See Cathey*, 900 S.W.2d at 341; *Houston Lighting & Power Co.*, 765 S.W.2d at 785. Rather, appellee would have had to conclusively disprove that it introduced the vehicle and tire in question into the stream of commerce. *See Cathey*, 900 S.W.2d at 341; *Houston Lighting & Power Co.*, 765 S.W.2d at 785. Therefore, we conclude appellee failed to establish that it was entitled to judgment as a matter of law on this basis. *See* TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp.*, 28 S.W.3d at 23; *City of Houston*, 589 S.W.2d at 678; *Branton*, 100 S.W.3d at 646. As a result, summary judgment, if based on this ground, was improper. We sustain appellants' second issue.

### 2. Negligence Theory

By their four remaining issues, appellants contend that the trial court erred in granting summary judgment if it was based on any of the four grounds urged by appellee in its motion for summary judgment with respect to their negligence theory of products liability.

■ Through their first issue, appellants contend the trial court erred in granting summary judgment based on the ground that appellee was an intermediate seller not subject to liability. In its motion for summary judgment, appellee argued that intermediate sellers have no duty to ultimate consumers for selling vehicles with defects. However, appellee provided no summary judgment evidence setting out that intermediate sellers have no duty with respect to selling vehicles with defects. In fact, appellee acknowledged in its motion that there are no Texas cases addressing the specific fact pattern presented in this case. In addition, the only support for appellee's assertion of non-liability was its reference to three cases from out-of-state courts, which are not directly on point and which do not carry precedential value in this Court.[7] Therefore, we find that appellee failed to conclusively disprove the element of duty in appellants' negligence theory. *See Cathey*, 900 S.W.2d at 341. As a result, we conclude that appellee failed to prove that it was entitled to judgment as a matter of law on this ground. *See* TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp.*, 28 S.W.3d at 23; *City of Houston*, 589 S.W.2d at 678; *Branton*, 100 S.W.3d at 646. We sustain appellants' first issue.

■ By their third issue, appellants contend the trial court erred in granting summary judgment based on the ground that appellee complied with the applicable standard of care for auctioneers. In its motion for summary judgment, appellee argued that it was not liable for negligence because it complied with the applicable stan-

---

6. In making its argument that auctioneers are not "sellers," appellee relied heavily on section 20, comment g of the Restatement (Third) of Products Liability. *See* RESTATEMENT (THIRD) OF PRODUCTS LIABILITY § 20 cmt. g (1998). However, Texas has not adopted section 20, comment g of the Restatement (Third) of Products Liability. Instead, Texas law clearly states that section 402A of the Restatement (Second) of Torts governs with respect to strict products liability claims.

*Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex.1996) (citing RESTATEMENT (SECOND) OF TORTS § 402A (1965); *Lubbock Mfg. Co. v. Sames*, 598 S.W.2d 234, 236 (Tex.1980); *Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 375–76 (Tex.1978)).

7. At this time, we decline to adopt the holdings in the cases referenced by appellee.

dard of care for auctioneers. We construe appellee's summary judgment argument as an attempt to disprove the second element of appellants' negligence claim, that of breach of duty. *See Firestone Steel Prods. Co.*, 927 S.W.2d at 613. To support its assertion, appellee attached to its motion the affidavit of Shauna Johnston, its office manager. In the affidavit, Ms. Johnston stated that when a vehicle goes on the auction block, a green, yellow, or red light is activated, indicating the seller's representations regarding the condition of the vehicle; a red light indicates that the vehicle is being sold as is and that the seller is making no representations regarding the condition of the vehicle. She also stated that "Big H merely relays the seller's representations to the commercial dealers gathered to make bids; Big H makes no representations of its own."[8] Ms. Johnston further stated that the vehicle in question was sold under a red light, indicating that it was being sold as is and without any representations regarding its condition. However, at no time in Ms. Johnston's affidavit does she indicate what representation the seller directed appellee to make in relation to the sale of the Ford Explorer at issue. Moreover, at no time does Ms. Johnston state in her affidavit that appellee satisfied its standard of care by correctly relaying the seller's representation to the commercial dealers gathered to bid on the vehicle in question. Therefore, appellee's summary judgment evidence failed to conclusively disprove the element of breach of duty with respect to appellants' negligence claim. *See Cathey*, 900 S.W.2d at 341. As a result, appellee

failed to prove that it was entitled to judgment as a matter of law based on this premise. *See* TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp.*, 28 S.W.3d at 23; *City of Houston*, 589 S.W.2d at 678; *Branton*, 100 S.W.3d at 646. Accordingly, we sustain appellants' third issue.

■ Through their fourth issue, appellants contend that the trial court erred in granting summary judgment based on the ground that appellants failed to tender evidence from an expert setting out the applicable standard of care. In its motion for summary judgment, appellee asserted, on a no evidence ground, *see* TEX.R. CIV. P. 166a(i), that appellants provided no expert testimony indicating the standard of care for auction houses required appellee to warn about or repair the vehicle and tire at issue. We construe appellee's argument as asserting that there is no evidence on the element of duty in appellants' negligence claim because the applicable standard of care was not set out by expert evidence. Thus, the issue we must address is not whether there is a duty to warn about or repair the defects at issue, but whether expert evidence is required to set out appellee's standard of care and duty in this instance.[9]

■ The Texas Supreme Court has held that expert testimony is required when the alleged negligence is of such a nature as not to be within the experience of the average layman. *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90–91 (Tex.2004) (citing *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982) (holding that

8. We assume, without determining, for purposes of this ground for summary judgment only, that appellee's standard of care was to relay a seller's representations to the commercial dealers gathered to make bids on a vehicle and not to make any representations of its own.

9. We are not asked to determine whether there is a duty for used car auction houses to warn about or repair defects in a vehicle or tire. Therefore, we assume, without determining, for purposes of this ground for summary judgment only, that this is the applicable duty.

diagnosis of skull fractures is not within the experience of the layman); *Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 738 (Tex. App.-Amarillo 1999, pet. denied) (holding that inspection and repair of an aircraft engine are not within the experience of the layman); *Hager v. Romines*, 913 S.W.2d 733, 734–35 (Tex.App.-Fort Worth 1995, no writ) (holding that operation of an aircraft and aerial application of herbicide are not within the experience of the layman)). These cited cases involve the use of specialized equipment and techniques that we would not expect the average layman to have experience in or to understand. *See FFE Transp. Servs., Inc.*, 154 S.W.3d at 91; *J.D. Abrams, Inc. v. McIver*, 966 S.W.2d 87, 93 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). The instant case involves the sale of a used car by a used car auction house. We cannot conclude that participating in a used car auction is outside the common experience and understanding of the average layman.[10] Furthermore, the applicable standard of care for a used car auction house as it relates to the element of duty in a negligence claim is not so complex as to require testimony from an expert to fully explain and develop it. *See J.D. Abrams, Inc.*, 966 S.W.2d at 93. Therefore, based on the facts, we conclude that an expert witness is not necessary to establish appellee's standard of

care and duty in this case. Because an expert witness is not necessary in this instance, we conclude that the granting of summary judgment, if premised on this ground, was improper. We sustain appellants' fourth issue.

■■■ By their fifth issue, appellants contend the trial court erred in granting summary judgment based on the ground that appellee had no duty to warn because the defects at issue were obvious to the ordinary consumer.[11] *See Hanus v. Tex. Utils. Co*, 71 S.W.3d 874, 880–81 (Tex. App.-Fort Worth 2002, no pet.) (providing that negligence law does not require warnings against obvious risks or those within the common knowledge of the ordinary consumer) (citing *Sauder Custom Fabrication, Inc. v. Boyd*, 967 S.W.2d 349, 351 (Tex.1998); *Joseph E. Seagram & Sons, Inc.*, 814 S.W.2d at 387–88; *Morris v. Adolph Coors, Co.*, 735 S.W.2d 578, 585 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.); RESTATEMENT (SECOND) OF TORTS § 388 cmt. k (1965); RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR HARM (BASIC PRINCIPLES) § 18 cmt. f (Tentative Draft No. 1, 2001)). In its motion for summary judgment, appellee argued that it had no duty to warn because the foreseeable product users knew about the recall of Firestone ATX tires used on Ford Explorers.[12]

---

10. Although appellee allegedly sells vehicles only to licensed dealers, its business is not so distinct from a used car auction that also sells vehicles to the public so as to remove it from the common experience and understanding of the average layman.

11. In addressing this issue, we are not asked to determine whether appellee had a duty to warn of the defects at issue.

12. We note that we do not determine on appeal whether common knowledge of a recall of a product constitutes common knowledge of risks associated with that product. *See Hanus v. Tex. Utils. Co*, 71 S.W.3d 874, 880–81 (Tex.App.-Fort Worth 2002, no pet.) (pro-

viding that negligence law does not require warnings against obvious risks or those within the common knowledge of the ordinary consumer) (citing *Sauder Custom Fabrication, Inc. v. Boyd*, 967 S.W.2d 349, 351 (Tex.1998); *Joseph E. Seagram & Sons, Inc.*, 814 S.W.2d at 387–88; *Morris v. Adolph Coors, Co.*, 735 S.W.2d 578, 585 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.); RESTATEMENT (SECOND) OF TORTS § 388 cmt. k (1965); RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR HARM (BASIC PRINCIPLES) § 18 cmt. f (Tentative Draft No. 1, 2001)).

However, appellee failed to produce summary judgment evidence establishing that the defects in question were known by the foreseeable product users, that is, that they were obvious to the ordinary consumer, when it sold the Ford Explorer at issue. *See id.* Without this summary judgment evidence, appellee could not conclusively disprove the element of duty in appellants' negligence claim. *See Cathey,* 900 S.W.2d at 341. Therefore, appellee did not meet the burden of proving that it was entitled to judgment as a matter of law on this basis. *See* Tex.R. Civ. P. 166a(c); *M.D. Anderson Hosp.,* 28 S.W.3d at 23; *City of Houston,* 589 S.W.2d at 678; *Branton,* 100 S.W.3d at 646. Thus, to the extent the summary judgment was based on this ground, it was improper. We sustain appellants' fifth issue.

### III. Conclusion

Accordingly, we reverse the judgment of the trial court and remand for further proceedings.